John Meyer, Respondent, v. North Missouri Railroad Company, Appellant.

*Damages—Railroads—Negligence.*—Where streets in a town or city have been laid out on the plat and dedicated to public uses, they become public highways whether they be used as such or not, and a railroad company is not liable for animals killed at the crossing of such streets, under R. C. 1855, p. 649, § 5, if there be no actual negligence.

*Appeal from St. Louis Law Commissioner's Court.*

*N. Holmes,* for appellant.

I. Admitting that the scope and intent of the statute concerning "Damages" (R. C. 1855, p. 649, § 5) are broad enough to change the general rule of law, and include cities

with their streets and squares, as well as country districts with their "enclosed fields" and "public roads," it is contended that this case comes within the exception of "any public highway" crossing, both in respect of the legal acceptation of the words, and in accordance with the general intent and policy of the act.   (3 Com. Dig. 27 ; 2 Black. 35 & n. 28.)  A highway may be created by the owner in fee dedicating it to public use.  (11 East. 375 & n.)  A public street is, to all intents and purposes, a public highway. (3 Crui. Dig., Greenl., 85.)  A plat of a city addition duly acknowledged and recorded, is a dedication sufficient to constitute a street.    (R. C. 1855, p. 1536, § 8 ; City of Hannibal v. Draper, 15 Mo. 634.)  The provisions of the statutes with regard to fences, cattle-guards, sign boards, signals, and crossings, make a distinction between city and country.  R. C. 1855, p. 436 : § 47, as to signals ; § 48, sign-boards on crossings are not required in cities, unless the city officers demand them ; id. § 52, requiring "fences" where the road passes through "enclosed fields" and "cattle-guards" at the "road crossings," is by its terms confined to the country, and does not extend to cities, street crossings, and town squares—p. 437.   No one of the special charter acts of this company expressly requires them to fence their road anywhere, but by § 11 of the act of 3d March, 1851, they are expressly authorized to build their road "along or across any street of any town or city."

Statutes requiring cattle-guards at "road crossings," do not extend to street crossings.  (Vanderkar v. Raensalaer & Sar. R. 13, Barb. 390.)  So the statute (R. C. 1855, p. 437, § 52) requiring fences through "enclosed fields" and cattle-guards at "road crossings," does not extend to streets and squares in cities.   The language of the act concerning "Damages," (§ 5) would seem to have reference to the country rather than the city.   Streets and squares are not especially named.   The spirit and purview of the act seem to be, that when the killing takes place on a portion of the road where the company are required to have fences and

cattle-guards, "a lawful fence," and do not, then they shall be liable without any proof of negligence, otherwise.

But in cities where no fences and cattle-guards are required by statute, it is not intended that the company shall be liable without such proof; and by express exception, not "at the crossing of any public highway;" and the burden of proof is upon the plaintiff. (Brown v. Hannibal and St. Joseph Railroad, 33 Mo. 309; Quick v. id. 31 Mo. 199, 407; Redf. Railw. 375; id. & n. 5). At common law every man was bound to keep his cattle on his own premises, and where no statute requires the company to fence, the owner of cattle is bound to keep them off the road.

The general rule of law is, that "animals wandering upon the track of an unenclosed railroad are strictly trespassers," and the company is not liable for killing them unless "guilty of willful negligence, evincing reckless misconduct." (Redf. Railw. 375 & n. 5; Illinois Cent. RR. v. Reedy, 17 Ill. 580; Central Mich. RR. v. Rockafellow, 17 Ill. 541; Munger v. Towanda, 4 Comst. 349.) No one can recover for an injury, of which his own negligence was in whole, or in part, the proximate cause. (Redf. Railw. 330, § 150; 4 Comst. 349.)

It is said this was not a street-crossing, because the street was not improved and travelled. The question is to be governed by the statutes and the law, and unless these make a difference in this respect and in reference to this liability without proof of negligence, the court can make none. In contemplation of law, this was a street-crossing, and "a crossing of a public highway." The company had no right and were not bound to fence up their track through this city addition, and certainly not to fence up ground dedicated to public use as a street. If the city authorities did not see fit to improve this street, that was not the fault of the company. If the public did not travel this street, that is no fault of the company. It might be improved and travelled any day, and if the company had obstructed it with fences, they might have rendered themselves liable for damages.

*J. G. Woerner*, for respondent.

I. The instruction asked by the defendant below was properly refused. It is based upon the assumption that the evidence proved the killing of the cow to have been within the corporate limits of the city of St. Louis, while the evidence shows that the cow was killed beyond the limits of the city.

II. The plaintiff was entitled to judgment even if the proof had been that the killing of the cow was done in the city, but not at a place where the railroad crosses a public highway. (R. C. 1855, p. 549, § 5.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by Meyer for the value of a cow killed by a locomotive and cars on the defendant's railroad. The petition was framed under the 5th section of the Act concerning Damages (R. C. 1855, p. 649), and alleged that the killing occurred, not on any portion of the road enclosed by a lawful fence, nor in the crossing of a public highway. The answer admitted the killing, but averred that it happened at the crossing of a public street or highway within the limits of the city of St. Louis. The issue was tried before the court without a jury, resulting in a verdict and judgment for the plaintiff, from which the defendant appealed to this court. There was evidence in the case tending to show that the cow was killed at a point where the railroad crosses a strip of ground which had been dedicated by the proprietor to public use for the purpose of a street in the city of St. Louis, but which had never been used at that place as a street, and could not be so used in consequence of the irregularities of the surface, until first improved.

The court then, at the instance of the plaintiff, instructed as follows:

"If the court, sitting as a jury, believes from the evidence that there were ditches on both sides of the railroad where the cow was killed, made in the construction of the road, or that the railroad was there on a grade higher than the level of the adjoining grounds, so that the place could not be used

as a crossing, and that in point of fact the place had not been used, and at the time was not used as a crossing in a public highway ; or that no street, path, lane, avenue or road, used by the public as a highway, crossed the railroad at that place, then the plaintiff is entitled to recover, although the court, sitting as a jury, should believe that the adjoining lands had been laid off into lots, streets and alleys as an addition to the city, and a plat of said addition had been filed, and that the cow was killed at a point where, according to the said plat or map, a street intended to be opened and used as such crossed said railroad."

The only question involved in the case is as to the propriety of this instruction. I think a street which has been dedicated to public use according to the forms of the law, is a public highway, unaffected by the question whether the land dedicated has been reduced to actual use by the public, and more especially is this true so far as concerns the right of a railroad company to fence the dedicated land. As the appellant could not in this case enclose its road at the crossing of the street at which it is supposed the injury complained of was committed, without unlawfully interfering with the right of the public to the present use and enjoyment of the land dedicated, it would be palpably unjust to hold that it had incurred any responsibility or lost any immunity by its omission to fence.

I think the instruction was erroneous, and the judgment is for this reason reversed and the cause remanded ; the other judges concurring. We will of course not be understood as deciding, that if actual negligence, unskillfulness, or misconduct on the part of the appellant's servants is charged and proved, that the appellant will not be responsible.