JOSEPH H. McPHEETERS, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Damages — Railroad companies — Cow, killing of — Petition — Allegation of negligence, sufficiency of.*—In a suit for damages against a railroad company for killing a cow, the allegation that the act was done carelessly and negligently was sufficient and showed a good cause of action.

2. *Damages — Railroad companies — Injuries — Towns — Public crossings.*—Where an injury, caused by a railroad train, occurred at a public crossing in the streets of a town, no recovery could be had without proof of actual negligence.

3. *Damages — Negligence — Jury.*—The question of negligence is peculiarly and exclusively for the jury to determine.

4. *Practice, civil — Evidence — Verdict — Instructions.*—When there is any evidence to sustain a verdict, the Supreme Court will not interfere.

5. *Damages — Railroad companies — Negligence — Cattle inclosures.*—The doctrine that the owner of cattle is obliged to keep them on his own premises, and that if they stray therefrom they are trespassers and the owner is guilty of negligence, has never been the law of this State. (Gorman v. Pacific R.R. Co., 26 Mo. 441.)

6. *Damages — Negligence, gross negligence, meaning of terms.* — *Semble,* that in law there is no difference between negligence and gross negligence, the latter being nothing more than the former, with the addition of a vituperative epithet.

7. *Practice, civil — Instructions offered out of time, properly refused.* —An instruction offered by counsel, after the commencement of the argument to the jury, is properly refused by the court.

*Appeal from Sixth District Court.*

*Carr*, for appellant.

I. The petition simply alleges a legal conclusion. It does not comply with the practice act (Gen. Stat. 1865, ch. 165, § 3, p. 658). It should allege wherein the appellant was guilty of carelessness and negligence. (Sugg v. Blow, 17 Mo. 359.)

II. The second instruction given to the jury at the request of the respondent does not embrace the defense raised by the evidence on behalf of the appellant. (Brightman v. Eddy, 97 Mass. 478; Denny v. Williams, 5 Allen, 1; Halloran v. New York & Harlem R.R. Co., 2 E. D. Smith, 257; People v. Cook, 8 N. Y. 67, 72–5; Smith v. Hann. & St. Jo. R.R. Co., 37 Mo. 287; Clark's Adm'r v. same, 36 Mo. 217; Sawyer v. same, 37 Mo. 70; Pittsburgh & Connellsville Railroad Company v. McClurg, 56 Penn. 294.)

III. Railroad companies are not required to fence in cities and towns, nor at the crossing of public highways, and are not liable unless guilty of gross negligence. (Bowman v. The Troy and Boston R.R. Co., 37 Barb. 516; Vanderkar v. Rensalaer and Saratoga R.R. Co., 13 Barb. 390; Parker v. same, 16 Barb. 315; Halloran v. New York & Harlem R.R. Co., 2 E. D. Smith, 257; St. Louis, Alton & T. H. R.R. Co. v. Linden, 39 Ill. 433; The Indianapolis & Cincinnati R.R. Co. v. Kenney, 8 Ind. 402; same v. Oestel, 20 Ind. 231; The Illinois Central R.R. Co. v. Reedy, 17 Ill. 580; Railroad v. Skinner, 19 Penn. 298; 1 Bedf. 480, and authorities cited; *id.* 500, and authorities cited; 2 Zab. 185; 2 Metc. 177.)

*Redd & McCabe*, for respondent, cited Gorman v. Pacific Railroad, 26 Mo. 445; Burns v. The Housatonic Railroad Co., 2 Am. Railway Cases, 117.

WAGNER, Judge, delivered the opinion of the court.

The first question which will be considered is the motion in arrest, made by the appellant, which brings up the sufficiency of the petition. The action was for negligently killing a cow by the

locomotive and train on appellant's road, at a public crossing within the corporate limits of the city of Palmyra. The averment in the petition is that the "defendant, by its servants and agents, carelessly and negligently, caused one of defendant's locomotives, with a train of cars attached thereto, to strike a milch cow, the property of plaintiff," &c. The allegation is that the act was done carelessly and negligently, and that is sufficient. Negligence is a question of fact, and, under a general averment of negligence in running a train and causing an injury to be done, it is competent to introduce any testimony having a tendency to support the charge.

It has been expressly decided in this court, that a petition against a railroad company, which states that the defendant, while running its locomotive, etc., negligently struck the cattle of the plaintiff, etc., shows a good cause of action at common law. (Garner v. Hann. & St. Jo. R.R. Co., 34 Mo. 235; see also 3 Tiff. & Sm. Pr. 88.) The petition was, I think, sufficient, and the court therefore committed no error in overruling the motion.

As the injury occurred at a public crossing, in the streets of a town, and not where it was incumbent on the company to erect a fence, there could be no recovery without proof of actual negligence. (Meyer v. N. M. R.R. Co., 35 Mo. 352.) But the question of negligence is peculiarly and exclusively for the jury to determine, and it is hardly necessary to again repeat what has been so often held by this court, that if there is any evidence to sustain the verdict we will not interfere. It is true the employees of the railroad swore that there was no negligence, but what weight or credibility should be attached to their testimony was for the jury, who heard them detail their evidence and could form a much more accurate opinion than we could pretend to. It is admitted on all sides that the train was running at full speed at the rate of ten or twelve miles an hour, the usual speed of freight trains, and it is questionable whether such a rate at a public crossing in a town, where people are continually traveling and stock crossing, ought not of itself to be held negligence. At any rate, this, in connection with other circumstances, was

proper for the consideration of the jury, and from which they might reasonably infer negligence.

So far as the evidence is concerned, there is nothing calling for the revisory action of this court, and the only question is whether there was any error in the instructions. The plaintiff asked, and the court gave, but two instructions at his request. The first declared that the defendant, its servants and agents in the control of its train were bound to use reasonable care and diligence in the management of its train to avoid doing injury to stock in the crossing of public streets and highways. The second directed the jury that if they believed, from all the facts and cirstances proved in evidence, that the defendant, its servants and agents, could, by the use of reasonable care and diligence, have avoided injuring the plaintiff's cow, they ought to find a verdict for the plaintiff.

The court, on motion of the defendant, gave the following instruction: "The defendant is not liable for damages for the injury or killing of horses, cattle or other animals, by one of its locomotives, engines or cars attached to it on the crossing of the public street in a city or town, unless the employees or agents conducting and managing such locomotive engine or cars attached to it were guilty of negligence."

I see nothing objectionable in the instruction of the plaintiff, but when coupled with the one given for the defendant, the whole law applicable to the case was fully and fairly submitted, and there was no ground left for complaint. Defendant further asked the court to instruct the jury that if the plaintiff voluntarily suffered his cow to go at large in the public streets, with no one to take charge of her, and to stray upon the track at a time when cars were passing, then he was guilty of carelessness, and could not recover for injuries done to the cow, unless such injuries were occasioned through the gross negligence of the agents and employees conducting and managing the locomotive and train. This instruction the court very properly refused. It is the law in England, and in some of the densely populated States in this Union, that the owners of cattle shall keep them inclosed, and if they stray therefrom they are trespassers, and the owners are

guilty of negligence. But such is not, and never was, the common law in Missouri.

It is opposed to the policy of the State in its present condition, and whenever it has been attempted to be enforced, it has met with resistance and condemnation. The question was elaborately considered in Gorman v. Pacific Railroad, 26 Mo. 441, and it was there held that the owner of cattle is under no obligation to keep them on his own premises.

The counsel for the appellant seems to lay great stress on the assumption that gross negligence should be proved before the defendant could be held liable. The word "gross" has been frequently used by judges in discussing this question, but I deem it wholly unnecessary. In England, it is now the course of adjudication, and definitely decided, that there is no difference between negligence and gross negligence, the latter being nothing more than the former, with the addition of a vituperative epithet. (Gill v. Iron Screw Collier Co., 12 Jur. N. S. 727.) The question is actual negligence, and if the jury found that it is sufficient. Further complaint is made that the court refused the fifth and last instruction asked for by the appellant, because it was offered out of time. The court has a standing rule that all instructions shall be submitted and passed upon before the argument of counsel commences. The other instructions were all passed upon and the respondent's counsel was addressing the jury, when the appellant desired the last instruction to be given. There was nothing wrong in the action of the court; the rule was proper enough, and that it was adhered to and enforced is not a matter for our intervention. But were it otherwise, it would make no difference in the final disposition of this cause, as the instruction was wholly useless, the substance of it having been previously given. There is no error in this record, and I advise the affirmance of the judgment.

Judgment affirmed. The other judges concur.