SULLIVAN v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad**: ACTION UNDER THE DOUBLE DAMAGE ACT: NEGLIGENCE. The owner of cattle killed at a public crossing of a railroad through the negligence of the company's servants, cannot recover in an action based on the 43rd section of the railroad law; an instruction submitting the question of negligence in case the jury should find that the killing occurred at such a crossing is, therefore, properly refused, even when asked by the defendant.

2. **Evidence, Positive and Negative.** Positive evidence should have more weight than the negative evidence of persons having no special facilities for knowing the fact.

*Appeal from Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

*D. G. Davenport* for respondent.

HOUGH, J.—This was a suit under the 43rd section of the act in relation to railroad companies to recover double the value of a steer killed by a train of the defendant. There was evidence tending to show that the steer was struck within the defendant's inclosure, and that it got upon the track in consequence of a defect in the fence of the defendant. The testimony also tended to show that the steer was struck on a public crossing by a train going west and was carried or thrown within the inclosure, and that several hours subsequently it was, while there, struck by a train going west and killed.

The following instruction was given by the court at the request of the plaintiff: If the jury find from the evidence that plaintiff's animal was struck and killed at a point on defendant's track where the same passed through, along or adjoining inclosed cultivated fields or uninclosed prairie lands, and if the jury further find that the defendant had failed to erect and maintain good and substantial fences on both sides of said track, of the height of at least four feet six inches, and that by reason of such failure plaintiff's animal entered the defendant's inclosure and got upon said track, they should find a verdict for plaintiff.

The following instructions asked by the defendant, were refused: 1. If the jury believe from the evidence that the passenger train bound west struck plaintiff's steer on the Paris public crossing, and knocked the same inside

of the defendant's fence, and that the passenger train bound east, within two hours afterward, struck and carried the same animal to Monroe City, they will find for the defendant, unless they may further believe that the striking by either train was willfully and negligently done, and the fact that the railroad fence was defective is immaterial, if plaintiff's steer was knocked inside by the passenger train bound west.

2. Positive evidence that the animal sued for was struck on a public crossing is entitled to more weight than negative evidence of persons who had no special facilities for knowing the facts. There was a verdict and judgment for the plaintiff, and the defendant has appealed.

The court did not err in refusing the instructions asked by the defendant. As this suit was based on the 43rd section of the railroad law, the plaintiff was not entitled to recover for the killing of the steer at a public crossing through the negligence of the defendant's servants, and the court, therefore, very properly declined to submit the question of negligence to the jury.

The other instruction asked by the defendant announces a correct principle of law, and is supported by authority. *Henze v. St. L., K. C. & N. Ry. Co.*, 71 Mo. 636; *Stitt v. Huidekopers*, 17 Wall. 394; *Culhane v. R. R.*, 60 N. Y. 133. But it is inapplicable to the case at bar. The testimony tending to show that the steer was first struck within the inclosure of the defendant, and not on the crossing, was not of a negative character; it was circumstantial, it is true, but it was of an affirmative character, and not like that commented upon in the case at bar. Perceiving no error in the ruling of the circuit court, its judgment will be affirmed. All the judges concur.