Rhea v. The St. Louis & San Francisco Railway Company.

RHEA v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Railroads:** DOUBLE DAMAGE ACT. The double damage section of the railroad law (R. S., sec. 809) does not require railroads to fence within the limits of incorporated towns.

2. ——— : ———. Under said section 809 there can be no recovery for injuries to stock resulting from the negligent management of trains.

3. ——— : ———. When the action is founded on section 809 there can be no recovery under Revised Statutes, section 2124.

4. **Railroads**: FENCING: STATUTES. At places where the law requires the railroads to maintain fences, they are liable for injury to stock because of failure to fence, under section 809. At places where they are not required, but where they may fence and do not, they are liable, under section 2124.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*John O'Day* for appellant.

It has been uniformly held by this court, that railroad companies are under no obligation to fence their track where it crosses the plat of a town, or city, and consequently they cannot be held liable under the provisions of section 809 of the Revised Statutes of 1879. *Lloyd v. Pacific R. R.*, 49 Mo. 199 ; *Cousins v. Railroad*, 66 Mo. 572. "It is inaccurate to say that there is any obligation to fence imposed by section five of the damage act. We do not mean to say that fences can in no case be lawfully erected in towns and cities, but there is no law requiring them to be built." *Edwards v. Railroad*, 66 Mo. 567 ; *Shultz v. Railroad*, 76 Mo. 324 ; *Rowland v. Railroad*, 73 Mo. 679 ; *Elliott v. Railroad*, 66 Mo. 683 ; *Wallace v. Railroad*, 74 Mo. 594. *Ells v. Railroad*, 48 Mo. 231, might, if not carefully considered, be taken as an authority against this position, but that was an action brought under section five of the damage act, and any *dicta* therein to the contrary of the position herein asserted are expressly reversed by *Edwards v. H. & St. J. R. R.*, *supra*. When animals are killed in towns and cities where fences have not been, but might lawfully be erected, the action should be brought under the fifth section of the damage act, which, in such cases, dispenses with the proof of negligence. *Elliott v. R. R.*, 66 Mo. 683. The plaintiff, in this case, was bound to prove actual negligence, the injury having occurred within the limits of a corporate town. *Wallace v. Ry. Co.*, 74 Mo.

597. An action cannot be brought under the 809th section of the Revised Statutes, and a recovery be had under the fifth section of the damage act. *Cary v. R. R. Co.*, 60 Mo. 209 ; *Wood v. R. R. Co.*, 58 Mo. 109 ; *Edwards v. R. R. Co.*, 66 Mo. 567. It is not important where the animal was killed, the precise thing to be considered is, where did the animal get on the track ?

*W. Cloud* for respondent.

EWING, C.—This was a suit to recover damages for killing stock, on the following agreed statement of facts : "That the appellant was, on the —— day of June, 1881, a railroad corporation, operating a railroad through the township of Pierce, in the county of Lawrence ; that on said date the respondent was the owner of a cow of the value of fifty dollars ($50) ; that said cow came upon appellant's railroad track at a point in said township, where the same runs through and within the corporate limits of an incorporated city, to-wit : Pierce City, and where there were no fences, and where the land was not laid out in lots, streets, and alleys, and where said railroad of defendant passed along and through uninclosed prairie land and not commons of the city ; and that at said time and place said cow was run over and killed by the cars of appellant ; that between the portion of said city platted and laid off in town lots, and its corporate limits, there is a space of one-half mile of open prairie land which is unenclosed land within the corporate limits, belonging to individuals, over and through which appellant's railroad passed, and at which point respondent's cow was killed, as aforesaid, and which cow came on said track and was killed, by reason of the failure of appellant to fence its said railroad. Which failure to fence, it was agreed, was the only negligence claimed on the part of respondent. It was also agreed that the action was brought under section 809, Revised Statutes of Missouri, 1879."

The court, on the above facts, rendered judgment for

respondent in the sum of one hundred dollars, being double the value of said cow, from which judgment the defendant appealed to this court.

The questions involved in this case were thoroughly considered in the case of *Edwards v. H. & St. Jo. R. R. Co.*, 66 Mo. 567, and definitely settled. There, it was held that section 809, Revised Statutes, 1879, does not require railroad companies to erect and maintain fences within the limits of incorporated towns. Under that section there can be no recovery for injuries resulting from the negligent management of the train. *Cary v. St. L., K. C. & N. Ry.*, 60 Mo. 209; *Crutchfield v. Railroad*, 64 Mo. 255. The agreed statement of facts shows that the injury complained of occurred within the corporate limits of a town. The action is based on section 809, as is admitted, and hence there can be no recovery for a failure to erect fences where, by said section, fences are not required to be erected. The action being under the double damage section, 809, there can be no recovery under section 2124, Revised Statutes, 1879—the old fifth section of the damage act. *Cary v. St. L., K. C. & N. Ry.*, 60 Mo. 209; *Wood v. Ry.*, 58 Mo. 109.

In *Wymore v. H. & St. Jo. Ry. Co.*, 79 Mo. 247, Henry, J., speaking for the court, says: " In the case at bar, where a tract of four acres of land is within the corporation limits, but not laid out into blocks and lots, and having no streets or alleys crossing it, the company might, because it would not inconvenience the public, lawfully erect fences along the sides of its road, and, therefore, section five of the damage act is applicable to a case of stock killed or injured by a train of defendant's cars at that point." In the case at bar, being a proceeding under the double damage act (section 809, *supra*), and the injury occurring within the corporate limits of a town, a place where, by law, the railroad company is not *required* to fence, the plaintiff cannot recover. At places

where the law *requires* the roads to maintain fences, they are liable for injury to stock because of the failure to fence, under section 809. At places where they are *not required* to, but where they *may* fence, and do not, they are liable under section 2124, *supra*.

Under the statement of agreed facts in this case, plaintiff cannot recover under section 809, and the judgment below is reversed. All concur.