JOHN EHRET, Respondent, v. KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 5, 1886.

1. RAILROADS—KILLING OF STOCK—DUTY AS TO FENCING RAILROAD— PUBLIC ROAD.—It is settled law, in this state, that it is the place where the animal got upon the track, and not where it was killed, that fixes the liability of the road. It is equally well established that it is not the duty of a railroad company to fence its railroad at

public crossings. This rule applies to all parts of the public road at the crossing, and not alone to the part in actual use by the public. A railroad is not required, nor would it be permitted to fence any part of a public road.

2. ———— ———— WHAT IS SUFFICIENT EVIDENCE.—If the evidence shows that there was no fence on the side of the railroad track at a point on the same, where, by law, a fence was required, and that, at that point, the animal was killed, that is sufficient evidence, nothing more appearing, upon which to submit to a jury the question as to whether or not the animal got upon the track at the point at which there was no fence, and direct proof of such fact is not necessary. The weight of the evidence is to be determined by the jury. *Kenney v. Railroad*, 80 Mo. 578.

3. PUBLIC ROADS—UNDER STATUTE AND BY USER.—Under the statute, the *maximum* width of public roads, opened by order of the county court, is sixty feet, but the *minimum* width of such road is thirty feet. In case a public road is such by *prescription* merely, its width is determined and fixed by the actual travel and use by the public.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun in the circuit court for the recovery, under section 809, Revised Statutes, of damages on account of the killing of four steers, the property of plaintiff.

The petition stated a good cause of action.

The evidence showed that there was no fence on the east side of defendant's railroad, north or south of the point where a certain public road crossed said railroad. The plaintiff's evidence tended to show that the portion of the public road, where it crossed defendant's railroad, in actual use by the public, was ten feet in width, and that for that distance the railroad track was prepared for a public crossing with planks ten feet long. That two of the steers were struck by one of defendant's engines at a point on the railroad track about thirteen or eighteen feet from the south end of said crossing, and

that the other two steers were so struck about one hundred, or one hundred and fifty feet from the south end of said crossing. The evidence to this effect was circumstantial, consisting of evidence as to "signs," such as hair and blood and marks on the railroad track; that two of the steers went upon the railroad track from eight to twelve feet south of the end of the crossing, and had walked down the railroad track to the south, for five or six feet, to the point at which they were struck. There was no evidence as to the width of the public road, or as to the part of said road upon which the actual crossing was located. There was no evidence as to the point at which the other two steers got upon the railroad track, other than the evidence that they were struck at a point on said railroad track from one hundred to one hundred and fifty feet south of said crossing. For the defendant, the engineer and fireman in charge of the engine which struck the steers, testified that they ran into a bunch of five steers standing upon the actual crossing in the public road, viz.: upon the ten feet prepared for a crossing with planks, that the engine knocked two of the steers off of the track a few feet south of the crossing, and that the engine carried two of the steers for about one hundred, or one hundred and fifty feet south of the crossing before throwing them from the railroad track, and that the fifth steer escaped. And the section foreman, in charge of the portion of the railroad track upon which the accident happened, testified that cattle tracks were all around the crossing, and that the steers were struck there. Under this state of proof the court gave the following instruction for the plaintiff:

"The court instructs the jury that if they find from the evidence, that on or about the 29th day of October, 1882, the defendant was running and operating a railroad through Buchanan county, through unenclosed lands, and that, at or about the time aforesaid, at a point on said railroad, where the same was not fenced on the east side thereof, and where the same was not crossed by a public highway, and where said railroad did not pass

through the limits of an incorporated city or town, and where the said railroad ran through unenclosed lands, four steers, the personal property of the plaintiff, strayed upon said railroad track, and were killed by the engine of defendant on said road, and that said animals so strayed upon said railroad track, and were killed in consequence of the failure of defendant to erect, or maintain said fence, then the jury must find for the plaintiff, and assess his damages at any sum not exceeding two hundred dollars, that they may believe, from the evidence, was the value of the animals so killed, at the time of the said killing."

And for the defendant gave the following instructions :

"2. The plaintiff brings this action to recover the value of four steers killed on the defendant's railroad, and bases his right to recover solely on the failure of the defendant to construct fences on the sides of its road to prevent stock from getting upon the track. The defendant does not controvert the fact that the stock were killed, but as a defence claims that said steers were struck while standing on a crossing of a public road, over its track, where it could not fence its road."

"6. In order to recover, the plaintiff must show by a preponderance of the evidence to your satisfaction that his stock got upon the railroad track at a point on the defendant's track, which was not within the limits of the public road, and that, but for the failure of the defendant to fence the sides of its road said animals would not have been upon its track, and that such striking and injury would not have occurred."

"7. The court instructs the jury that under the pleadings and evidence, the plaintiff cannot recover in a greater sum than fifty dollars per head for each animal found by the jury to have come upon the railroad, and in consequence thereof, at a point unfenced without the public road, struck and killed upon the defendant's road."

The court refused to give the following instructions asked by the defendant:

"1.   In the nature of a demurrer to the evidence."

" 3.   If the jury believe, from the evidence, that plaintiff's cattle, or any of them, were struck by defendant's engine and cars, within the limits of the public road, whether upon the place of actual travel or not, they will find for the defendant as to such cattle so struck within such limits, notwithstanding they may believe, from the evidence, that such cattle, or part of them, may have been carried and thrown by defendant's engine, without the public road limits."

"4.   The court instructs the jury that the word 'crossing,' as used in this case, means not only the planks and wagon-way across defendant's railroad track, but the entire width of the public road, where defendant's railroad crosses the same, whether such railroad was fenced outside of the public road or not, and plaintiff cannot recover for any animals so struck by defendant's engine, or cars, within the boundary line of such public road."

"5.   The court instructs the jury that the maximum width of public roads, as fixed by law, is sixty feet, and the burden of proof is upon the plaintiff to establish by a preponderance of evidence, to your satisfaction, that his cattle mentioned in evidence, were struck by defendant's engine or cars, at a point outside of the legal limits of said public road, where said railroad was not fenced, and unless he has so shown, by evidence, the verdict must be for the defendant."

" 8.   In order to overthrow the positive evidence of unimpeached witnesses by circumstantial evidence, such circumstantial evidence must be plain and direct, and must contradict the statement of such witnesses, and admit of no explanation or inference reconciling it with their statements.   If, in fact, both their statements and the evidence of such facts and circumstances may be true, then such evidence affords no contradiction."

"9.   If, as to any material fact or facts in this case, unimpeached witnesses have testified, of their actual observation, of such facts, and if such facts, so stated, be not contradicted by evidence, or are not unreasonable, the jury are not at liberty to disregard such evidence, nor to conjecture that another and different statment of facts are true."

E. S. Gosney, with Strong & Mosman, for the appellant.

I.   The defendant cannot be held liable in an action under section 809, unless it is alleged in the petition, and established by the evidence at the trial, *that the stock came upon the track at a point where it was the duty of the defendant to fence its track, in consequence of the failure to perform that duty.*   Rev. Stat., sect. 809; *Cecil v. Railroad,* 47 Mo. 246; *Bates v. Railroad,* 74 Mo. 60; *Nance v. Railroad,* 79 Mo. 196; *Clardy v. Railroad,* 73 Mo. 576; *Miles v. Railroad,* 31 Mo. 407; *Cary v. Railroad,* 60 Mo. 209.

II.   There was an entire failure of proof in both these particulars.   *Fitterling v. Railroad,* 79 Mo. 509; *Bothwell v. Railroad,* 59 Iowa 192; *Marquette v. Railroad,* 45 Mich. 51; *Branagan v. Railroad,* 75 Ind. 490; *Wood v. Railroad,* 57 Wis. 201; *Railroad v. Hudson,* 50 Miss. 572.

III.   Section 809 did not require defendant to fence across public highways, and defendant cannot be held liable to plaintiff for the injury to his stock at such a point, in an action based on that section.   *McPheeters v. Railroad,* 45 Mo. 22; *Sullivan v. Railroad,* 72 Mo. 195; *Morris v. Railroad,* 75 Mo. 367; *Edwards v. Railroad,* 66 Mo. 570; *Geren v. Railroad,* 60 Mo. 405.

IV.   The failure to fence the track at that point, is immaterial, unless it occasioned the injury.   *Clardy case,* 73 Mo. 576; *Harlan case,* 65 Mo. 25; *Henry v. Railroad,* 76 Mo. 290; *Lawrence v. Railroad,* 42 Wis. 322.

V.   The place where the animals were struck, cuts

no figure in this case. If, however, it is deemed material, the evidence shows, without conflict, that it was within the public highway. *Railroad v. Talbot*, 78 Ky. 621; *Railroad v. McMillen*, 37 Ohio St. 554; *Bothwell v. Railroad*, 59 Iowa 192.

VI.  Defendant's motion for a new trial should have been sustained. The verdict was against all the evidence given in the case. And it was against the law, as declared by the instructions given to the jury. See cases cited.

VII.  Defendant's first, third and fourth instructions should have been given. *Soward v. Railroad*, 30 Iowa 553; *Railroad v. Huber*, 42 Ind. 172; *Walters v. Railroad*, 78 Mo. 622; so also its fifth, eighth and ninth instructions; *Railroad v. Packwood, supra; Bothwell v. Railroad, supra; Walter's case, supra.*

GREEN & BURNES, for the respondent.

I.  The petition is sufficient, and the company is liable. Under section 809, Revised Statutes, when stock is struck on a crossing, the liability is fixed, under said section, by the fact of the stock straying on the track at a point where the company is required by law to fence, regardless of where the stock may have been injured or killed. *Moore v. Railroad*, 81 Mo. 499.

II.  The instructions asked by defendant concerning the width of a public road, and the position of the planks of the crossing in a public road, etc., were properly refused by the court, because, even if the law, there was no evidence upon which to base them.

III.  The instructions asking that the unimpeached testimony of defendant's witnesses be accepted as a guide for the jury, were correctly refused; because such testimony only showed at what point the cattle were struck, and were, therefore, immaterial; and, besides, were directions to govern the jury in a province, wherein, by the policy of the law, they are peculiarly supreme.

HALL, J.—It is settled law in this state, "that it is the place where the animal got on the track, and not where it was killed, that fixes the liability of the road," in a case based upon section 809, Revised Statutes. *Moore v. Railroad Co.*, 81 Mo. 502; *Nance v. Railroad Co.*, 79 Mo. 197; *Cecil v. Railroad Co.*, 47 Mo. 246.

It is equally well established that it is not the duty of a railroad company to fence its railroad at public crossings. *Morris v. Railroad Co.*, 79 Mo. 371; *Sullivan v. Railroad Co.*, 72 Mo. 197; *McPheeters v. Railroad Co.*, 45 Mo. 24; *Meyer v. Railroad Co.*, 35 Mo. 352.

This rule applies alike to all parts of the public road at the crossing, and not alone to the part in actual use by the public. A railroad is not required, nor would it be permitted, to fence any part of a public road.

The failure of defendant to comply with section 809, is alleged, in the petition, to have been a failure to erect or maintain a fence on the side of its railroad. In this case, then, it is clear that, if the plaintiff's steers got upon the railroad track at any point included in the public road, where said road crossed the railroad track, the plaintiff was not entitled to recover. This view was clearly expressed by the instruction given for the plaintiff, and by the instructions given for the defendant. In all the instructions given, the jury were plainly told that the plaintiff could recover only if the jury believed that the steers got upon the railroad track at a point not within a public road. The plaintiff's recovery was made to turn upon the place at which the steers got upon the railroad track without regard to the place at which they were struck by the engine. This was right. Instructions numbered three, four and five, asked by defendant, declaring a contrary doctrine, and making the plaintiff's recovery depend upon the place at which the steers were struck, were properly refused.

It is undoubtedly true that the burden of proving every fact essential to his recovery, rested upon the

plaintiff. The question is, "did the evidence tend to prove that the steers got upon the railroad track at a point not within the public road?" As to the two steers which were killed from one hundred to one hundred and fifty feet south of the crossing, there was no evidence offered by plaintiff as to where they got upon the track, except the evidence of the point on the railroad track at which they were struck. From the evidence that the two steers were struck by the engine at a point on the railroad track one hundred, or one hundred and fifty feet south of the crossing, had the jury the right to infer that they got upon the track at that point? The evidence showed that north and south of the crossing there was no fence along the railroad track, on the east side of it. The question, then, is, if the evidence show that there was no fence on the side of the railroad track at a certain point on the same, where, by law, a fence was required, and that, at that point, the animal was killed, is that sufficient evidence, nothing more appearing, upon which to submit to a jury the question, as to whether or not the animal got upon the track at the point at which there was no fence? This question we answer in the affirmative. Under such circumstances the evidence would justify the jury in inferring that the animal got upon the track at the point where there was no fence; direct proof of such fact was not necessary. *Gee v. Railroad Co.*, 80 Mo. 285. Therefore, had the plaintiff's evidence stood alone, so far as the two steers killed one hundred or one hundred and fifty feet from the crossing are concerned, it would have justified the court in submitting the case as it was submitted in the instructions given. Did the evidence of defendant's witnesses have the effect to change the case in this respect from what it would have been had the plaintiff's evidence stood alone? We think not. Had the jury believed the defendant's witnesses, it would have been their duty, under the instructions, to have found for defendant. The weight to be given to the evidence of plaintiff's witnesses was to be determined by the jury. The weight of

that evidence, no doubt, might have been seriously affected by the testimony of defendant's witnesses, but its character was in no way changed thereby. If the jury believed the evidence of the plaintiff's witnesses in spite of the evidence of defendant's witnesses, they were justified in making the same inference therefrom that they would have been justified in making, had defendant had no witnesses. In its argument to the contrary, and against the action of the trial court in refusing its instructions eight and nine, the defendant says: "It is not a question of credibility of witnesses, nor of conflict of testimony, but one in which the plaintiff, having made out his case, is met by proof on the other side, not in denial of his, but which, admitting the absolute truth of everything proved by him, goes further and nullifies its effect by proof of other facts which demonstrate that he has no right to recover. If not met by further proof, and if there be nothing to suggest its falsity, or the unworthiness of the witnesses, it must compel a verdict for the defendant." Whatever may be the law elsewhere, upon this question, in this state it is settled contrary to the defendant's argument. In *Kenney v. Railroad Company* (80 Mo. 578), which was "an action to recover damages for the property of plaintiff destroyed by fire, which plaintiff alleges was set out by defendant's negligence," the defendant contended that when it offered evidence of care on its part, and the evidence was uncontradicted, it was the duty of the trial court to declare, as a matter of law, that the plaintiff's *prima facie* case was rebutted. But the supreme court held against defendant's contention. See, also, *Johnson v. McMurry et al.*, 72 Mo. 278.

As to the two steers which were killed from thirteen to eighteen feet from the south side of the crossing there is more difficulty. The evidence introduced by the plaintiff tended to show that those two steers got upon the railroad track from eight to ten feet south of the crossing. The question is, "under such proof should the court have submitted to the jury the question as to

whether or not those steers got upon the railroad track at a point not included in the public road?" It devolved upon the plaintiff to establish the fact, by proof, that the said steers got upon the railroad track at a point where there was no fence on the side of the same, and where, by law, a fence was required. And, as we have said, in a public road the defendant had no right to erect a fence. In this case, the plaintiff's evidence tended to show that north and south of a certain public road crossing there was no fence on the side of the railroad track, and that the land, both north and south of said crossing, was unenclosed land, and that, therefore, it was the duty of defendant to erect and maintain a fence on the side of its railroad at that place. Had there been no evidence of the existence of a public road in this case, the plaintiff's evidence would have made out a *prima facie* case, because it would simply have shown the absence of a fence at a place, where by law a fence was required, and that the two steers got upon the railroad track at such place. This is certainly true. It was not necessary for the plaintiff to show by express or direct evidence that the steers did not get upon the railroad track at a place in the limits of a public road. Now what was the effect of the evidence concerning the public road? If the defendant had, in its defence, introduced evidence of the existence of a public road crossing within eight or ten feet of the point at which the two steers got upon the railroad track, would it have been required of the plaintiff to show that that place was not within the public road? We think not. There would, in that case, have been no presumption, one way or another, concerning the width of the public road, or as to what part of the public road the actual crossing was located on. We do not think that any other view can be taken of the effect of the evidence concerning the public road, because it was introduced by plaintiff. The evidence simply showed that a public road crossing was in the immediate vicinity of the place

at which the two steers got upon the railroad track. The evidence did not tend to show that that place was included in the public road. The evidence did show that that place was not in the part of the public road in actual use. Inasmuch as the evidence had no tendency to show that that place was in the public road, if such was the fact, we think that the defendant should have shown it. At any rate, under such evidence the court was warranted in submitting the question to the jury as it was submitted in this case. There was not a failure of proof.

Our conclusion is fortified by this additional consideration: Under our statutes the maximum width of public roads, opened by order of the county court, is sixty feet, but the minimum width of such roads is thirty feet. And the evidence in this case did not show that the public road had ever been opened by the county court, so the public road in proof may have been such by prescription merely, in which case its width would have been determined and fixed by the actual travel and use by the public. Judgment affirmed. All concur.