A. S. GRANT, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, January 16, 1894.

1. **Railroads:** OBLIGATION TO FENCE WITHIN SWITCH LIMITS. When a railway company has a switch and transfer track at a station, it is not bound under the statute to erect a cattle guard nearer to the apex of the switch than can be done without materially interfering with its business and without endangering the lives of its employees.

2. ————: REMEDY FOR NON-COMPLIANCE WITH OBLIGATION TO FENCE. *Held*, in the course of discussion, that a recovery can not be had against a railway company for single damages under section 4428 of the Revised Statutes, when the action is one for double liability under section 2611.

*Appeal from the Knox Circuit Court.*—HON. BEN E.
TURNER, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

*Gardiner Lathrop, S. W. Moore* and *L. F. Cottey*
for respondent.

ROMBAUER, P. J.,—This is an action, instituted in
the circuit court under the provisions of section 2611,
for the recovery of double damages for killing the
plaintiff's stock by defendant's engine and cars. The
answer admits that the killing was done, but avers
that the cattle came upon the defendant's right of way
and track, and were killed within the switch limits of
the depot of Hurdland which the defendant was not
required to fence, and could not fence without inter-
fering with the usual and customary business of the
station, and without endangering the lives and limbs
of the defendant's employees. At the close of all the
evidence the court instructed the jury to find a verdict
for the defendant, which being done, judgment was
entered accordingly. The plaintiff appeals and assigns
for error that this instruction was erroneous, and that
the court should have submitted the question to the
jury, whether the defendant on the facts shown was
exonerated from any duty to fence the place where
the stock came upon the road.

Touching the facts of the case there is no contro-
versy. Hurdland station consists mainly of the
defendant's station house, but the road has a switch
and transfer track there, and does considerable
switching at that point both in day and night time.
The cattle guard nearest to the end of the switch of
the transfer track is two hundred and fifty-five feet

distant from the apex of that switch, and the uncontradicted testimony shows that it could not be moved any nearer to that apex without materially interfering with the business of the road, and endangering the lives of its employees. The cattle came upon the track between this switch point and the cattle guard. The court was, therefore, right in ruling that the plaintiff could not recover *in this action*. *Pearson v. Railroad*, 33 Mo. App. 543; *Jennings v. Railroad*, 37 Mo. App. 651; *Lloyd v. Railroad*, 49 Mo. 199; *Swearingen v. Railroad*, 64 Mo. 73.

· The plaintiff contends that this case is not governed by the cases above cited, because, in point of fact, the defendant had erected a fence at one time at the place where the cattle came upon its right of way, and 'had permitted such fence to become out of repair, and that such neglect was the cause of the injury. It did appear that the company had a fence at that point at one time, but it was not shown that such fence connected with any other fence so as to form an inclosure. This fence, as far as the testimony shows, ran towards a public road, which crossed the defendant's depot grounds near its station house. The uncontradicted evidence shows that this fence could not be connected with cattle guards at the crossing of said road without still further endangering the safety of the defendant's employees.

It will be thus seen that the case presented no elements warranting a proceeding under the statute for double damages. Had it been shown that the fence erected by the defendant was part of plaintiff's inclosure, there would have been under the decisions a case under section 4428, Revised Statutes, formerly known as the fifth section of the damage act. *Wymore v. Railroad*, 79 Mo. 247. But, since the courts have uniformly decided that there can be no recovery under that

section, where the action is based on section 2611, *supra* (*Luckie v. Railroad*, 67 Mo. 245; *Sullivan v. Railroad*, 72 Mo. 195; *Rhea v. Railroad*, 84 Mo. 345), we can not put the court in the wrong for declaring that the plaintiff could not recover *in this proceeding*.

Judgment affirmed.   All concur.