HICKMAN *et al.*, Appellants, v. WOOD'S EXECUTOR, Respondent.

1. A. became possessed and took charge of two slaves and a certain amount of money as a trust fund for the benefit of his sister; he appropriated the money and the proceeds of the sales of the negroes to the purchase of a tract of land in this state, and in removing his sister and her family from Kentucky to this state; this purchase was made in good faith, and the property was subsequently conveyed to the sister and her children in satisfaction of the trust, and was occupied by them until the death of the mother, and was afterwards divided by proceedings in partition among her heirs, *Held*, in a suit instituted many years after the date of the original transaction, that there was no claim in equity against A. or his estate growing out of the receipt of the trust fund.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Buckner*, for appellants.

*Glover & Richardson*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

This case was tried under the act of 1849. There was no motion for a review of the facts alleged to have been erroneously found, accompanied with a statement of the evidence upon which they were based. The conclusions of law drawn from the facts as found by the court seem to be unquestionable, and, so far as the bill of exceptions shows, there was no conflict in the testimony.

The facts were, in brief, that the defendant's testator had, many years ago, taken charge of two slaves and some money as a trust fund for the benefit of his sister, the ancestress of the plaintiffs; that he appropriated the money and the proceeds of the sales of the negroes to the purchase of a tract of land in Randolph county, Missouri, and in removing his sister and her family to this county from Kentucky, where both parties originally resided; that the land was subsequently conveyed to his sister and her children, was occupied by

them until the death of the mother, and has been divided by a proceeding in partition among the plaintiffs, her heirs. It appears that the investment was made in good faith and was for the benefit of the beneficiaries of the trust.

Under these circumstances, there could be no claim in equity against the defendant's testator or his estate, on the part of the plaintiffs, after the land had been received in satisfaction of the trust and disposed of.

Judgment affirmed.   The other judges concur.