WILLIAM WIER, Plaintiff in Error, *v.* THE ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, Defendant in Error.

1. *Damages — Railroad companies — Accident in towns — Public highway.* — Notwithstanding the provisions of article v of the act touching damages (Wagn. Stat. 520), the law will not presume the negligence of a railroad company from the killing of stock within the corporate limits of a town or city, especially when the accident happened at a crossing long used as a public highway. (See Wagn. Stat. ch. 37, art. II, § 43.)

## *Error to Iron Circuit Court.*

*John L. Thomas*, for plaintiff in error, contended that the cases of Iba v. Hann. & St. Jo. R.R. Co, 45 Mo. 469 ; Meyer v. North Mo. R.R. Co., 35 Mo. 352, and Van Decker v. Rensselaer & Saratoga R.R. Co., 13 Barb. 390, did not adjudicate the case at bar, and that on principle there was more necessity for fencing railroad tracks in towns and cities, and particularly about depots and switches, the neighborhood where the accident occurred.

*Dryden & Dryden*, for defendant in error.

The cases already decided by this court clearly relieve the defendant from the imputation of implied negligence for not having fenced. (Meyer v. North Mo. R.R. Co., 35 Mo. 352 ; Iba v. Hann. & St. Jo. R.R. Co., 45 Mo. 469 ; Indianapolis & Central R.R. Co. v. Kenney, 8 Ind. 402 ; Lafayette & Indiana R.R. Co. v. Shriver, 6 Ind. 141 ; Indianapolis & Central R.R. Co. v. Oestel, 20 Ind. 231.)

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to recover the value of a horse killed upon the defendant's railroad within the corporate limits of the town of De Soto, a town which, as the agreed statement shows, was duly laid off into streets and avenues, blocks and lots. It is admitted, moreover, that the ground over which the defendants have a right of way for the purposes of their railroad in the town of De Soto, at the point where the accident complained of occurred, is, and for the past twelve years has been, used by the

public as a "public highway." Were the defendants under legal obligations to fence up this way and exclude the public from its accustomed use of it?

They were not required to do so under the provisions of section 43, article II, chapter 37, Wagner's Statutes; since that section requires railroad companies to fence their tracks only where these tracks "pass through, along or adjoining inclosed or cultivated fields, or uninclosed prairie lands;" and the locality in question is admitted not to come within either of these designations.

Under section 5 of the damage act (Wagn. Stat. 520), however, according to the general phraseology of the section, negligence on the part of a railroad company is imputed, as a matter of law, where an animal is injured or killed by the company's cars, engines, etc., at any point on the road where the track is not fenced, except at the crossings of public highways. The prior decisions of this court nevertheless seem to exclude the idea that the inference of negligence, in the absence of proof, arises where animals are injured upon a railroad track within the limits of incorporated towns and cities, although the track may not be fenced, and although the injury may not occur at an actual crossing. Thus, in Meyers v. The North Missouri R.R. Co., 35 Mo. 352, it was decided that the defendant in that case was not liable, in the absence of proof showing negligence, where an animal had been killed upon the track of the road at a point where the track crossed a strip of ground dedicated to public use as a street or highway, although no such use had ever been made of the ground, and although the ground was not in a condition to admit of that use. In Iba v. The Hannibal & St. Joseph R.R. Co., 45 Mo. 473, it is said, in the opinion of the court, that the lower court was "clearly right in holding that the obligation to fence could not extend to the track within towns and cities."

If there is no obligation to fence within such limits, then the absence of a lawful fence within the limits indicated can be no ground on which to base the inference of negligence in law.

In the case before us it not only stands admitted that the accident occurred within the limits of an incorporated town, which was duly laid out and divided into parts by streets, blocks and

. lots, but also that the locality of the accident had been in long use as a public way. It is further conceded by the agreed statement that no negligence was imputable to the defendant, "except that implied by law from the fact that said road was not fenced."

As just remarked, if the company was not under legal obligations to fence at the designated point — it being within the limits of an incorporated town — no inference of negligence can arise from the absence of the fence. But the locality of the accident was not only within the limits of an incorporated town duly laid off into streets, etc. ; it was at a place where the adjacent grounds were and for a long time had been in actual use, as the agreed case shows, as public grounds or a public highway.

This circumstance, as it seems to us, brings the case fully within the spirit and intent of the exception contained in article v of the damage act, relating to highway crossings.

In this view the judgment of the court below was right and will be affirmed. The other judges concur.