| 69 | 215 |
| 35a | 92 |
| 69 | 215 |
| 59a | 155 |
| 59a | 370 |

</div>

## PRYOR v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

**Railroads:** KILLING STOCK: SPEED OF TRAIN: NEGLIGENCE. The failure to stop or check a train, in order to avoid a collision with stock on the track, does not constitute negligence, where such stoppage or checking would endanger persons and property intrusted to the railroad for transportation. *Aliter,* where checking the speed of a train or stopping it would avoid the collision and could be done with safety to property and passengers.

*Appeal from Schuyler Circuit Court.*—HON. JOHN W. HENRY, Judge.

*Wells H. Blodgett* and *Higbee & Shelton* for appellant.

NORTON, J.—On the 25th day of August, 1875, plaintiff filed a statement before M. H. Lewis, a justice of the peace, Prairie township, in Schuyler county, complaining, among other things, that defendant, in June, 1875, ran its train of cars upon one of plaintiff's cows by its carelessness and

negligence, whereby said cow was crippled and damaged; that said crippling was done on a part of defendant's road in said township, not fenced on the sides thereof, and passing along and through uninclosed prairie lands, without cattle guards at the crossings. Summons was issued and served, and on September 21st 1875, the cause was tried, resulting in a judgment for plaintiff. An appeal was regularly taken to the circuit court of said county, and upon a trial *de novo*, judgment was rendered for plaintiff for $15.

It was agreed by counsel for plaintiff and defendant that the injury complained of occurred on the line of defendant's railroad, within that portion of the town of Greentop, a duly incorporated town in Schuyler county which is laid off into blocks, lots and streets, the plat of which town is duly executed and acknowledged, showing that it is so laid off as before stated, and that said plat was on file in the proper office previous to the date of the injuries complained of; the cow was struck and crippled by a heavy through freight train going south, moving at the rate of six miles per hour, at a point about half way up a heavy grade about one mile long, and that the cow was struck in the night.

Defendant asked the following instructions, of which those numbered one and four were given, and three, five and six refused : 1. The court declares that the killing and crippling of plaintiff's stock having occurred within that part of the town of Greentop platted and laid off on both sides of defendant's road into blocks, lots, streets and alleys, the plaintiff cannot recover, unless he proves by a preponderance of the testimony that the defendant was guilty of actual negligence in killing and crippling the stock sued for. 3. If the court finds from the testimony that plaintiff's cow was crippled by a heavy through freight train moving south, and at a point about half way up a heavy grade about one mile in length, and between fifty and one hundred yards south of a sharp curve, and when so striking said cow said train was moving at the rate of six miles

per hour, the verdict will be for the defendant on that issue.    4. If said train could not have been safely checked or stopped, so as to avoid a collision with said cow, the verdict will be for defendant on that issue.    5. If, in case said train had been stopped to avoid a collision with said cow, it would have been unable to ascend said grade without backing down to the level at the foot of said grade, the verdict will be for the defendant on that issue.    6. In actions for killing stock within that portion of towns and cities platted and laid off into blocks, lots, streets and alleys, before plaintiff can recover for such killing and crippling, he must prove actual negligence.    The speed of the train is not an element of negligence.

It was held in the case of *Wier v. St. Louis & Iron Mountain R. R. Co.*, 48 Mo. 558, and also in *Lloyd v. The Pacific R. R. Co.*, 30 Mo. 199, that notwithstanding the provisions of Wag. Stat., sec. 5, p. 520, the law will not presume negligence on the part of a railroad company from the killing of stock within the corporate limits of a town or city.    The benefit of this principle was given defendant to the fullest extent in the first instruction, and as the question of negligence was properly submitted therein, at the request of defendant, we are absolved from making an investigation as to whether there was any negligence authorizing it to be given.

We have been cited to several authorities from other States to sustain the objections to the action of the court in refusing the third, fifth and sixth instructions.    The question involved in them as to whether the speed of the train at the time the stock was killed, was to be considered as an element of negligence having been passed upon by this court in the case of *McPheeters v. The Hannibal & St. Jo. R. R. Co.*, 45 Mo. 22, where a cow was killed at a public crossing within the corporate limits of the town of Palmyra, we deem it unnecessary to look for a rule elsewhere upon that subject.    It was observed by Judge Wagner, in that case, ' that the train was running at full speed,

at the rate of ten or twelve miles an hour, the usual speed of freight trains, and it is questionable whether such a rate of speed, at a public crossing where people are continually traveling and stock crossing, ought not of itself to be held as negligence. At any rate this, in connection with other circumstances, was proper for the consideration of the jury, and from which they might reasonably infer negligence." Doubtless many cases of injuries to stock wandering on the track of a railroad at crossings and stations, within the corporate limits of a town, may occur where neither the speed of the train nor failure to slacken its speed or stop it to avoid such injury would be considered elements of negligence. In all such cases where the rate of speed, with which a train was being moved, would be necessary for the safety of passengers or property being carried, the rate of speed would not be negligence; nor would the failure to check its speed or stop it to avoid collision with stock thus found on its road constitute negligence, when such checking or stoppage would imperil or endanger the persons and property intrusted to it for transportation. But when stock is discovered on the track at such places, and checking the speed of the train, or stopping it would avoid injury to them, and either could be done with safety to property and persons on board, the company would be chargeable with negligence if it omitted to do so. While we think, as was held in the case of *Maher v. The Atlantic & Pacific R. R. Co.*, 64 Mo. 262, that no rate of speed is negligence *per se*, we are unwilling to say, as we are asked to do in this case, that the rate of speed may not be considered as an element of negligence in connection with other circumstances attending an injury to persons or stock found on the track of a railroad in cities and towns where they are not required to fence. The rule is that the company shall regulate its own rate of speed as regards others than passengers, and that in so regulating it, there must not only be a careful regard for passengers and trains, but also a proper regard for human

life and property in running through towns and cities even where there are no public crossings. *Maher v. The Atlantic & Pacific R. R. Co., supra; Gorman v. The Pacific R. R. Co.*, 26 Mo. 441. Judgment affirmed, all concur except Judge HENRY, not sitting.

AFFIRMED.