WALLACE v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

1. **Railroads**: NEGLIGENCE. To hold a railroad company liable for injuries to live stock inflicted within the corporate limits of a city and near its depot, the plaintiff must prove actual negligence on the part of the company.

2. **Negligence**: RAILROAD: SPEED OF TRAINS: FAILURE TO RING OR WHISTLE. As a matter of law, no rate of speed at which a train may be run constitutes negligence *per se*.

    A railroad company is not chargeable with negligence in injuring live stock on its track unless it be shown that after the stock was discovered, the company could, without imperiling the persons or property intrusted to it for transportation, have avoided the injury.

    Failure to ring the bell or sound the whistle does not constitute negligence *per se*; there must appear to be some necessary connection between the failure and the injury.

*Appeal from Butler Circuit Court.* — HON. R. P. OWEN, Judge.

REVERSED.

Action to recover single damages for killing and wounding plaintiff's colts. The evidence tended to show that the colts were struck by a freight train of defendant's cars, and one of them killed and the other wounded; that the train was running about twelve miles an hour; that the colts were running in front of the train and were dashing from one side of the track to the other; that no noise was made to scare them; that the train could have checked up in 100 yards, and that the colts could have been seen

by the engineer 300 yards. It was admitted that this oc-
curred within the corporate limits of the city of Poplar
Bluff, near the defendant's coal-shed and depot. A de-
murrer to the evidence having been overruled, the defend-
ant excepted and offered evidence tending to show that a
freight train such as plaintiff's witnesses stated the one
injuring his animals to have been, and running at the rate
stated by them, could not have been stopped in time to
prevent such injury. The court instructed the jury as fol-
lows : If the jury believe from all the facts and circum-
stances proved in evidence, that the defendant, its servants
and agents, could by the use of reasonable care and dili-
gence, have avoided injuring plaintiff's colts, they ought
to find for the plaintiff and assess the damages, etc.

*Smith & Krauthoff* with *W. R. Donaldson* for appellant.

As the injuries which constitute the basis of this ac-
tion, were occasioned within the limits of an incorporated
city, plaintiff can only recover upon proof that they were
the result of actual negligence on the part of the railroad
company. *Lloyd v. Railroad Co.,* 49 Mo. 199 ; *Swearingen
v. Railroad Co.,* 64 Mo. 73 ; *Robertson v. Railroad Co.,* 64
Mo. 412 ; *Edwards v. Railroad Co.,* 66 Mo. 567. The sim-
ple fact that the company killed the animals upon its track
is no evidence of negligence. *Wier v. Railroad Co.,* 48 Mo.
558 ; *Calvert v. Railroad Co.,* 34 Mo. 242 ; 1 Redf. on Rail-
ways, (5 Ed.) pp. 485, 486, 501. There being no obligation
upon the defendant to fence its road at the point where
these animals were injured, imposed by the statute, it de-
volved upon plaintiff to show that they were properly and
lawfully upon defendant's track, or that the injuries re-
sulted from defendant's negligence, after the discovery by
it of the presence of such animals on its track. None of
the cases go further than to require that a company shall,
after discovering such animals, use ordinary care to pre-
vent injury to them. All the owner has a right to ask of

such company is, that it will not run its locomotives and' trains in an unreasonable and dangerous manner.   Shearm.. & Redf. on Neg., § 454; 1 Redf. on Railways, 485; Pierce on Railroads, 403, 406.   The act of an owner in permitting his stock to go at large in a city or in the neighborhood of a railroad track, with no one to take charge of it, is such contributory negligence as to defeat a recovery by him for injuries occasioned on a railroad track.   1 Redf. on Railways, pp. 490, 496; Pierce on Railroads, pp. 425, 428, 429; *Bowman v. Railroad Co.*, 37 Barb., 516; *Railroad Co. v. Skinner*, 19 Pa. St., 298; *Railroad Co. v. Lawrence*, 13 Ohio St., 66.   Negligence is not proved by evidence that the train causing the injuries was running at an unreasonable rate of speed, or without proper care in other respects. 1 Redf. on Railways, p. 490, and cases cited in note 14; Shearm. & Redf. on Neg., §§ 477, 478; Pierce on Railroads, p. 406; *Railroad Co. v. Lawrence*, 13 Ohio St., 70.

*W. J. Davison* and *Belch & Silver* for respondents.

There was evidence tending to show negligence on the part of the defendant (1) in not ringing the bell or making a noise to frighten the colts from the track; (2) in running at too great a speed; (3) in view of the testimony that there was a plain view of the track three hundred yards above the culvert, the jury could draw the inference that the agents of the company did see the colts, and willfully neglected to check the train in time and to avoid injury to the colts, or (4) that the agents neglected to keep a proper outlook on the track, by means of which the colts could have been seen and the injury averted.   Speed of trains should be diminished in running through villages and towns. *Isabel v. Railroad Co.*, 60 Mo. 475; *Meyer v. Railroad Co.*, 2 Neb., 319; *Lafayette, etc., v. Adams*, 26 Ind. 77.   In those states where, by the common law, cattle may run at large, as is the case in this State, a railroad is liable for injuries. to them while straying upon their tracks, if caused by

want of ordinary care on the part of the company. Shearman & Redf., Negligence, (3 Ed.) § 475; *Gorman v. Railroad Co..* 26 Mo., 441.

SHERWOOD, C. J.—The demurrer to the evidence was well taken. The injuries occurring, as they did, within the corporate limits of a city, it devolved on plaintiff, in order that he might recover, to show that the actual negligence of the railroad company caused such injuries; (*Lloyd v. Railroad Co.*, 49 Mo. 199; *Swearingen v. Railroad Co.*, 64 Mo. 73;) as in cases like the present one, the law raises no inference of negligence from the mere fact of the animal being killed on the railroad track. *Wier v. Railroad Co.*, 48 Mo. 558; *Calvert v. Railroad Co.*, 34 Mo. 242. We find no evidence in this record which, in the light of the authorities already cited, shows the defendant to be liable, since it does not appear what distance the colts were in advance of the train when first seen upon the track, nor that after they came upon the track they could have been seen by the agents of defendant in time to prevent the accident.

As a matter of law, no rate of speed at which a train is being run constitutes negligence *per se*. *Maher v. Railroad Co.*, 64 Mo. 267. The circumstances of each particular case must be considered; negligence is altogether a relative term, and the question in cases of this sort is whether, when the stock is discovered on the track, the company could, without imperiling the persons or property entrusted to it for transportation, avoid injury to the stock. Whenever, in such circumstances, the injury can be avoided after the danger is discovered, then the company will be justly chargeable with culpable negligence, and not before. *Pryor v. Railroad Co.*, 69 Mo. 215. Nor does the failure to ring the bell or sound the whistle constitute negligence *per se*; there must appear to be some necessary connection between the failure and the injury. *Holman v. Railroad Co.*, 62 Mo. 562. It follows from the foregoing that the

instructions in behalf of the plaintiff were faulty in failing
to tell the jury that defendant was liable if it failed to use
proper diligence and endeavors to avoid the injury after
discovering the animals on the track.    The case of *Gor-
man v. Railroad Co.*, 26 Mo. 441, is not analogous to this
one.    There the accident occurred where the company had
failed to fence its track, and where it is held that if the
road is not fenced, as required by law, it matters not that
the highest care is exercised by the agents of the corpora-
tion.    Judgment reversed and cause remanded.    HOUGH
and HENRY, JJ., concur; NORTON, J., in the result; RAY,
J., absent.