HUFFMAN v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

Master and Servant: EVIDENCE OF COMPETENCY. Mere proof of specific acts of carelessness on the part of a servant, without evidence of actual, or reasonably chargeable, knowledge thereof, on the part of the master, is insufficient to warrant a jury in inferring negligence on the part of the master in retaining such servant in his employ.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*Shanklin, Low & McDougal* for appellant.

Notice of unfitness of an employe may be shown either by evidence tending to prove actual knowledge on the part of the employer of incompetency; or it may be shown that such unfitness was so general and patent, that not to take notice of it would be in itself evidence that the employer, if ignorant thereof, had not exercised due diligence in keeping himself advised as to the competency of his servant; but there was no such evidence in this case.

*Geo. Hall* for respondent.

The knowledge of the company need not be shown by direct or positive proof, but may be shown by evidence of particular acts of carelessness or negligence of the employe. *Murphy v. St. Louis & I. M. R. R. Co.,*71 Mo. 202; *McKissock v. St. Louis, K. C. & N. R'y Co.,* 73 Mo. 456; *Ohio & Miss. R'y Co. v. Collarn,* 73 Ind. 261; s. c., 38 Am. Rep. 134, 137; *Pittsburg, Ft. W. & C. R. R. Co. v. Ruby,* 38 Ind. 294; s. c., 10 Am. Rep. 111; *Louisville & N. R. R. Co. v. Collins,* 2 Duvall (Ky.) 114; Wharton on Negligence, § 238 and note; *Baulec v. R. R. Co.,* 50 N. Y. 356; s. c., 17 Am. Rep. 325: 1 Redfield on Railways, p. 552; *Galena & Chicago Union R. R. Co. v. Yarwood,* 17 Ill. 509; *Quimby v. R. R. Co.,* 23 Vt. 387.

SHERWOOD, J.—Action by Nancy A. Huffman to recover damages on account of the death of her husband. It was averred in the petition that Huffman, a brakeman on a freight train, received injuries causing his death, by reason of the negligence of one Isaac T. Smith, an engineer in the employ of the defendant, in the management of a locomotive. It was also averred among other things: That the defendant failed and neglected to exercise proper care and diligence in employing said Smith to run its engines on its said road, and negligently retained him in its em-

Huffman v. The Chicago, Rock Island & Pacific Railway Company.

ploy, as such engineer, after his incompetency and lack of skill became known, or might have become known to defendant by proper inquiry. The plaintiff introduced evidence tending to prove that at the time hereinafter stated, she was the wife of Zachariah T. Huffman; that on or about the 23rd day of July, 1877, her said husband was thrown from the top of a freight car then being run on defendant's railroad, receiving injuries from the effects of which he afterward died; that her said husband was thrown from the car, as aforesaid, in consequence of the carelessness of the engineer, Isaac Smith, then in charge of the locomotive engine pulling the train; that on several other occasions before that time, said Isaac Smith, while in the employ of defendant as an engineer, had been guilty of acts of negligence in running his engine too fast.

This case hinges on the sufficiency of the evidence of the plaintiff, a brief recital of which has been given. We regard that evidence insufficient for these reasons: There is nothing in it which shows, or which, as set forth in the bill of exceptions, tends to show, that defendant was blameworthy in retaining Smith in its employment. That he was originally competent; that he was highly commended as a careful, skillful and competent engineer, the evidence for the defendant very satisfactorily establishes. This shows that whatever may have been its subsequent derelictions of duty, the corporation, in the first instance, had done all that the law enjoined.

And the only evidence as to Smith's subsequent incompetency, is that already mentioned, that on the occasion in question he was careless and that several times prior thereto, he had been guilty of acts of negligence in running his engine too fast. It has frequently been ruled in this court, as well as elsewhere, that aside from some statutory provision, no rate of speed at which a train is run, is, as a matter of law, negligence *per se.* *Wallace v. R. R. Co.,* 74 Mo. 594, and cases cited. And the circumstances and surroundings—the relative situation—are to be considered be-

fore negligence is to be inferred as a matter of fact. On the occasion to which the evidence refers, the unusual speed may have been exhibited under some pressing emergency, in broad-day light, on a perfectly straight and level track, in some remote rural district, or it may have been displayed under express orders to make up for unavoidable delays, and thus avert an impending collision. If so, the inference that Smith was, on this account, incompetent, would seem to be a strained and unnatural one. And even if this were not so, if these bursts of speed of Smith's engine, though unauthorized and unwarranted, occurring in the locality supposed, far from populous towns, it would scarcely be fair to infer that the defendant had notice of these occasional derelictions of duty. If, however, the fact is, that the unaccustomed rates of speed were exhibited in the crowded centers of population, where such speed would attract attention and provoke comment, probably giving rise to severe animadversions from the local press, it cannot be denied that "several" such occurrences, or perhaps, one or two, prior to the one forming the basis of the action, might be a sufficient ground wherefrom the jury might very well infer notice to the corporation of the unfitness of an engineer for further employment, found guilty of such acts. On this point, the evidence does not inform us, where or when the engine was run too fast, nor in what circumstances, so as to afford ground for inferences of fact unfavorable to the action of the company in retaining Smith in its employment, nor does that evidence show any direct notice to the defendant of the "several other occasions" of Smith's negligence as aforesaid, and in this consists its entire insufficiency.

Cases of this sort are obviously analogous to those where a municipal corporation is sued for an injury arising from a defect in one of its streets, where one of two things must be shown to hold the city liable, either notice of the defect directly communicated to the city, or evidence that the defect had continued so long as to allow the inference

to be drawn that notice of such defect had been communicated. True, the law will require in cases like this one, that a railroad corporation, having great interests entrusted to its custody, being the guardian, *pro hac vice*, of life, limb and property, after having done all that is requisite in securing competent servants, shall still keep up a supervision over them, to see that they do not fall short of the standard of their original competency; but surely the law will not go so far as to hold a railroad corporation to such an extreme of circumspection, as to compel it to note, at its peril, every lapse of its employes, where no notice thereof is directly communicated, and where the circumstances are not such as to afford a reasonable inference of the derelict conduct of the employe having become known to the employer prior to the act which gives origin to the action for damages.

The rule on this point is well stated in Wood on Master and Servant, p. 800, § 419, as follows: " Therefore, the mere fact that a fellow-servant is incompetent, that materials have proved defective, or that the appliances or machinery used in the prosecution of the business have proved insufficient, does not tend even *prima facie* to establish negligence on his part, but the burden in all such cases is upon the servant seeking a recovery to establish the fact, that the injury resulted to him because the master did not exercise reasonable and proper care in these respects, or either of them, and this must be established as a fact in the case, and cannot result as an inference from the circumstances that the servant causing the injury was in fact incompetent, or that the materials or resources of the business were in fact defective." And it is elsewhere stated that: " In actions brought by servants against their master, the burden of proof as to the master's knowledge or culpability in lacking knowledge of the defect which led to the injury, whether in the character of a fellow-servant or in the quality of the materials used, rests upon the plaintiff." Shearman & Redfield on Neg., § 99. The authorities

cited for the defendant fully support the position taken in this opinion, and with, perhaps, one exception, so do those cited for the plaintiff.

For the reasons aforesaid, we reverse the judgment and also remand the cause, because on a re-trial thereof, the plaintiff may be able to show such circumstances as will supply the element now lacking in her evidence, and thus show the liability of the defendant. All concur.