WYMORE v. THE HANNIBAL & ST. JOSEPH RAILROAD COM-
PANY, *Appellant.*

**Railroads**: KILLING CATTLE. The right conferred by the 5th section
of the Damage Act, (R. S. 1879, ₴ 2124,) upon the owners of animals
killed on a railroad to recover without proof of negligence on the
part of the company, is not confined to cases arising outside the cor-
porate limits of a city or town. It exists as well in cases arising
within such limits if there are no intersecting streets or alleys to
prevent the fencing of the track.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN,
Judge.

AFFIRMED.

G. W. *Easley* for appellant.

D. C. *Allen* for respondent.

HENRY, J.—This is a suit commenced before a justice
of the peace in Clay county, to recover damages for the
value of a cow killed by defendant's engine and cars.
Plaintiff had judgment, from which defendant appealed to
the circuit court, in which plaintiff again had judgment,
and defendant has appealed to this court.

The statement alleges that the cow strayed upon the
track of defendant's road, at a point within the corporate
limits of the city of Liberty. It does not allege that she
was negligently or carelessly killed, but relies upon the fact
that the place where the cow was killed was within a part
of said city which was not at the time the killing occurred
intersected by streets, lanes, avenues or alleys, and that the
company had failed to erect fences along the sides of the
road through that part of the city.

The testimony tended to—in fact, did clearly—prove
that the cow was killed on a tract of land made up of two
mill tracts, each inclosing about two acres; that said tracts
are within the corporate limits of the city of Liberty, but

are not designated on any plat as blocks or lots; nor are they part or parts of any addition to said city, although since 1851 included within its corporate limits; nor have they ever been intersected by streets or alleys in any direction. Defendant's road could be fenced between the west line of the public road leading from Liberty Landing and bounding the mill tract on the east and the eastern extremity of its bridge over the town branch, without interfering with any street, lane, avenue or alley.

It was observed by Bliss, J., who delivered the opinion of the court in *Lloyd v. Pacific R. R. Co.*, 49 Mo. 200, that " this court has uniformly held that railroad companies are under no obligation to fence their track where it crosses the plat of a town or city," citing *Meyer v. Railroad Co.*, 35 Mo. 353; *Iba v. Railroad Co.*, 45 Mo. 469; *Wier v. Railroad Co.*, 48 Mo. 558. In *Ells v. Pacific R. R. Co.*, 48 Mo. 232, the same learned judge, speaking for the court, observes that " the statute makes no exception in regard to towns, but only an implied one on the crossing of a public highway." Again: " Ordinarily a railroad track cannot run any considerable distance within a town, without being crossed by some street actually opened, or merely established. In that case the fencing cannot be required, for it would shut up a street actually in use, or one that has been; laid out and dedicated and may soon be opened. But where the corporation lines embrace portions of an adjacent country not actually laid out as a town, or so laid out that no streets cross the railroad, the reason for the exception does not apply, and the obligation to fence is as imperative as outside the corporation limits." This court, on the question involved here, it must be admitted, has not pursued a very straight path. In *Wier v. Railroad Co*, 48 Mo. 558, which seems to have been overlooked by Judge Bliss in *Ells v. Railroad Co.*, reported in same volume, it was expressly held, on the authority of prior decisions of this court, that no inference of negligence arises, in the absence of other proof, from the fact that animals are injured upon

an unfenced railroad track within the limits of incorporated towns and cities.   *Wallace v. St. L., I. M. & S. R'y Co.*, 74 Mo. 594, is the latest decision of this court on the subject, and it was there distinctly declared that "the injuries occurring as they did, within the corporate limits of a city, it devolved on plaintiff, in order that he might recover, to show that the actual negligence of the railroad company caused such injuries." In *Edwards v. Hann. & St. Jo. R. R. Co.*, 66 Mo. 569, the question was very thoroughly considered, and the opinion of the court delivered by HOUGH, J., I think, very accurately states the law on the subject, and it is a matter of regret that it was overlooked in the case of *Wallace v. Railroad Co., supra.*

The 5th section of the Damage Act does not require railroad companies to fence anywhere.   It imposes no obligation upon them whatever, but in a suit for damages by one whose stock is killed or injured on the track where it is not fenced, it relieves him of the burden of proving negligence against the company in running the train.   The fact of injury and that the road was not fenced where it occurred, make a *prima facie* case against the company, under that section.   Wherever the railroad company may. lawfully fence, that section applies.   The same construction was placed upon this section in *Tiarks v. Railroad Co.*, 58 Mo. 45.   In the case supposed, of country adjacent to a town, embraced by the corporation lines but having no streets crossing the track; or in the case at bar, where a tract of four acres of land is within the corporation limits, but not laid out into blocks and lots, and having no streets or alleys crossing it, the company might, because it would not inconvenience the public, lawfully erect fences along the sides of its road, and, therefore, section 5 of the Damage Act is applicable to a case of stock killed, or injured by a train of defendant's cars at that point.   Such was the view of the law, embodied in the declaration of law given by the court and the judgment is affirmed.   All concur.