Joel J. Zumwalt, Respondent, v. Chicago and Alton Railroad Company, Appellant.

St. Louis Court of Appeals, April 16, 1889.

Damages: INCOMPETENCY OF EMPLOYE. Where the plaintiff seeks to recover damages for a personal injury caused by the incompetency of a fellow employe in the service of the defendant, such incompetency consisting in habits of intoxication, he must prove that such habits existed in the fellow employe and that they were known to the defendant prior to the injury, or might have been known to its officers upon such reasonable inquiry as the circumstances demanded of them; and that, notwithstanding this, the unfit employe was continued in the defendant's employ until the injury happened, and that the direct cause of the injury was the employe's unfitness. The evidence in the present case was wholly insufficient to establish any such conclusions, and no case was made by the plaintiff, which should have been permitted to go to the jury.

*Appeal from the Louisiana Court of Common Pleas.*
Hon. E. M. Hughes, Judge.

Reversed.

---

Zumwalt v. C. & A. Ry. Co.

---

*Elijah Robinson* and *G. B. Macfarlane,* for the appellant '

The burden of proving incompetency of Miles and defendant's knowledge thereof rested upon plaintiff. *Huffman v. Railroad,* 78 Mo. 50 ; *Murphy v. Railroad,* 71 Mo. 202 ; Wood on Master and Servant, p. 800, sec. 419 ; Sher. & Redf'd. Neg., sec. 99 ; *Mass. v. Railroad,* 49 Mo. 167. In the absence of actual notice that Miles was incompetent, it devolved upon plaintiff to prove that Miles' habits of intemperance were so notorious that notice to defendant might be implied. *Railroad v. Doyle,* 18 Kan. 58 ; *Gilman v. Railroad,* 10 Allen, 233 ; 13 Allen, 433 ; *Laning v. Railroad,* 49 N. Y. 521 ; *Hiltz v. Railroad,* 55 Mich. 437 ; *Railroad v. Sullivan,* 63 Ill. 293 ; *Lee v. Bridge Co.,* 62 Mo. 565 ; *Chapman v. Railroad,* 55 N. Y. 582 ; Wood on Master and Servant, p. 803, secs. 420 and 421. One single act of negligence does not, taken by itself, tend to prove incapacity. *Neilson v. Railroad,* 85 Mo. 609 ; *Lee v. Bridge Co.,* 62 Mo. 565. The rule of defendant requiring its brakemen to use a stick instead of the hand, in coupling cars, was for the safety of its employes ; and it appearing from plaintiff's evidence that if the rule had been obeyed plaintiff would not have been injured, his own negligence and disobedience of the rule contributed to his injury and he cannot recover. 2 Thompson on Neg. 1018 ; *Penn. Co. v. Whitcomb,* 31 A. & E. R. R. Cases, 149 ; *Daracuts v. Railroad,* 31 A. & E. R. R. Cases, 157; *Lyon v. Railroad,* 31 Mich. 429 ; *Memphis v. Railroad,* 51 Miss. 637 ; Wood on Master and Servant, p. 774, sec. 398 ; *Lockwood v. Railroad,* 55 Wis. 51.

*D. A. Ball* and ' *Ras L. Pearson,* for the respondent.

There is but one question in this case and that is as to the sufficiency of the testimony going to show that Miles

was incompetent by reason of intoxication at the time of the accident. This is the question that was submitted to the jury, and it was squarely submitted under a number of the most favorable instructions given by and in behalf of appellant, and if there is any testimony whatever going to support the verdict the appellate court will not disturb it. *Rea v. Ferguson*, 72 Mo. 225; *Whitsett v. Ransom*, 79 Mo. 258; *Meyer v. McCabe*, 73 Mo. 236; *Gibson v. Railroad*, 8 Mo. App. 488; *Hodges v. Block*, 8 Mo. App. 389; *Noble v. Metcalf*, 20 Mo. App. 360; *Brown v. Railroad*, 23 Mo. App. 209. The trial court who sees the demeanor of the witnesses on the stand, and who hears them testify, is the best judge of the question as to whether there is sufficient testimony to let the case go to the jury, and this appellate court will not disturb the finding of the jury unless this privilege is manifestly abused by the trial court. And this is true even in the face of the preponderance of the testimony, provided the verdict is free from prejudice, passion and mistakes. *Herriman v. Railroad*, 27 Mo. App. 435; *Norton v. Moberly*, 18 Mo. App. 457; *Type Foundry v. McCune*, 68 Mo. 195; *Johnson v. Building Co.*, 23 Mo. App. 546. We do not admit that the preponderance of the evidence in the case was in favor of appellant; yet if it was, the court will not disturb the verdict. *Herriman v. Railroad*, 27 Mo. App. 435–446.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages for a personal injury received by the plaintiff while employed as a railway brakeman on a freight train of defendant. The plaintiff had a verdict and judgment in the sum of five hundred dollars. The defendant appeals and waives all exceptions except such as go to the right of the plaintiff to recover on the pleadings and evidence.

The negligence of the defendant upon which the plaintiff, in his petition, predicates his right of recovery is the "incompetency" of a fellow brakeman, which the plaintiff alleges was well known to the defendant but not known to the plaintiff. The defendant, in its answer denies this allegation, and pleads contributory negligence.

The plaintiff's evidence tended to show that while the plaintiff was engaged, in the night time, in his duties as brakeman in making a coupling of freight cars, the head brakeman of the train, a man named Miles, whose station was nearest the engine signalled to the engineer to shove some cars in the direction of the plaintiff without giving plaintiff necessary warning, whereby his hand was caught between the drawheads and hurt. The "incompetency" of the brakeman is the only ground of recovery which the plaintiff attempts by his evidence to make good. This "incomtency" was sought to be supported by evidence that Miles was addicted to drunkenness, and that he had been drinking on the evening when the accident took place. An analysis of the plaintiff's evidence leads inevitably to the following conclusions :

I.   There is an entire want of evidence tending to show that, on the evening when the injury took place, Miles had been drinking to such an extent, if at all, as to render him incompetent to perform the duties of brakeman ; nor is there any substantial evidence tending to show that the fact that Miles had been drinking on that evening, if it were the fact, was the proximate cause or had any tendency to produce the injury complained of. The only evidence delivered on this point, tending to show that Miles had been drinking on the evening in question, was the evidence of the plaintiff himself, who testified that the fact was not known to him till after the accident, and whose knowledge of the fact consisted in the circumstance alone, that after Miles

discovered that plaintiff was hurt, he drew from his pocket a flask of whiskey nearly empty and advised the plaintiff to drink some of it, telling him that it would be good for him. Miles in his testimony explains this circumstance by stating that, after the plaintiff got hurt he, Miles, went to the caboose to get some rags to wrap up the plaintiff's wounded hand, and there found the flask partly full of liquor and brought it to the plaintiff, thinking that some of it would do him good in his condition ; that he, Miles, had not been drinking at all that day and did not know the liquor was there until he found it after the plaintiff was hurt. It is to be observed that no witness who testified in the case, observed that Miles had been drinking on the occasion in question, but all the evidence tends to show that he was sober, and perfectly competent to attend to his duties. The evidence that he had been drinking rests on the mere assertion of the plaintiff in his own testimony, in the following words : " He was drinking at the time." But when the plaintiff is questioned as to his knowledge of this fact, or of the extent of which Miles' drinking had affected him, he knows nothing at all except the circumstance already detailed.

II.   In order for a servant to predicate a recovery against his master on the ground of the intemperate habits of a fellow servant producing the injury complained of, he must show that such habits were known to the master prior to the injury, or that they might have been known to him, upon such reasonable inquiry as the circumstances demand of him, and that, notwithstanding this, the unfit servant was continued in the master's employ until the injury happened, and that the direct cause of the injury was the servant's unfitness. In this case, the only evidence which the plaintiff produced at all tending to show that, during the period within which the brakeman, Miles, had been employed

by the defendant, he had exhibited habits of intoxication, was the testimony of the plaintiff's brother-in-law to the effect that, about four years prior to the accident, the witness was in the employ of the defendant and was acquainted with Miles, who was in the same employ, and that Miles was in the habit of getting drunk, and of coming into the office of the defendant, at a small station where witness and Miles were employed, in a state of intoxication.    The testimony of this witness does not fix any considerable length of time during which these habits continued, and there is no evidence whatever tending to show that during the subsequent four years Miles was guilty of such habits ; but, on the contrary, the defendant adduced a mass of evidence tending to show that Miles had been in the employ of the defendant for some nine years, with short intervals during which he had voluntarily quit work, during all which time he had demeaned himself as a sober and competent man.    There was no evidence whatever that any officer of the defendant, having power to employ and discharge brakemen upon its trains, knew of any such habit in Miles at the time when the accident took place, or at any other time.    Unless actual knowledge of the habits of the servant which render him unfit for the employment is brought home to some officer of the employer, (it being a corporation), who has power to employ and discharge such employes, the plaintiff must, in order to make out the right to recover upon such a cause of action as is laid in this petition, show that the unfit habit of the servant was so notorious that such officer or officers of the defendant ought to have known of it by reasonable care and inspection.    The true rule is stated by Mr. Justice SHERWOOD in the following language : "The law will require, in cases like this one, that a railway corporation, having great interests entrusted to its custody, being the guardian, *pro hac vice*, of life,

limb and property, after having done all that is requisite in securing competent servants, shall still keep up a supervision over them, to see that they do not fall short of the standard of their original competency ; but surely the law will not go so far as to hold a railroad corporation to such an extreme of circumspection, as to compel it to note, at its peril, every lapse of its employes, where no notice thereof is directly communicated, and where the circumstances are not such as to afford a reasonable inference of the derelict conduct of the employe having become known to the employer prior to the act which gives origin to the action for damages." *Huffman v. Railroad,* 78 Mo. 50, 54. The plaintiff's evidence fails to show negligence on the part of the defendant, within this rule. If, therefore, the plaintiff received the injury complained of through the negligence of Miles, it was a case where one servant is injured through the negligence of a fellow servant engaged in the same common employment, in which case the injured servant can have no recovery of damages against the master.

III.  The evidence further shows that the plaintiff received the hurt by reason of violating a printed regulation of the company which required brakemen to use a stick in coupling cars, and that if he had used the stick he would not have received the hurt. It is well settled that an employe cannot recover damages of his employer for a hurt received in consequence of the violation by the employe of a reasonable regulation intended to promote his safety. *Lyon v. Railroad,* 31 Mich. 429 ; *Shanny v. Androscoggin Mills,* 66 Me. 420 ; *Memphis, etc., Railroad v. Thomas,* 51 Miss. 637. But as the plaintiff gave evidence intended to excuse his disobedience of its rule, on the ground, among other things, that the conductor in charge of the train had ordered him not to comply with it, as we feel some

doubt as to the legal effect of this evidence, if believed, and as it is not necessary to the decision of the case to pass upon this question,—we prefer to be understood as not resting our decisions in any respect upon the plaintiff's contributory negligence. On the other grounds it appears that there was no evidence to take the case to the jury, and that there can be no recovery on another trial.

The judgment will accordingly be reversed. All the judges concur.