MALINDA CAMPBELL, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1894.

1. Railroads: KILLING STOCK: KNOWLEDGE OF THE HABITS OF STOCK: SPEED. In this case, the following instruction was approved: If the cow was killed at a point on the defendant's railroad where cattle

were in the habit of congregating on or about the track of defendant, and defendant's servants in charge of its locomotive knew that fact, and they had reason to anticipate the presence of cattle on the track at said point; and if you further find that defendant at the time of killing said cow was running its train at a rate of speed which, under the facts and circumstances, was careless, negligent and dangerous, and in consequence thereof struck and killed said cow, then your verdict should be for the plaintiff.

2. **Negligence**: RATE OF SPEED: TOWNS AND VILLAGES. No rate of speed is *per se* negligent, unless it violates some legal regulation, but it may be considered as an element of negligence in connection with other circumstances. The company may regulate its own rate of speed as regards other than passengers; but, in so doing, there must be a careful regard, not only for passengers and trains, but a proper regard for human life and property in running through towns and cities even where there are no public crossings.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Jackson & Montgomery* for appellant.

The court committed error in giving the plaintiff's first instruction over defendant's objections. It was wrong because: *First.* The evidence did not warrant it as to the habit of cattle to congregate on the track; or as to defendant's servants having reason to anticipate the presence of cattle on the track; or as to a negligent rate of speed. *Second.* Because it did not correctly explain negligence. *Goodwin v. Railroad*, 75 Mo. 73. *Third.* Because it imposed a liability without requiring that plaintiff's cow should have been discovered in time to have avoided the injury by the exercise of proper care. This instruction did not even require the jury to find that the cow might have been discovered upon the track at all, but that would not have been enough to render the defendant liable. *Fitzgerald v. Railroad*, 18 Mo. App. 393; *Welch v. Railroad*,

20 Mo. App. 477; *Hoffman v. Railroad*, 24 Mo. App. 546; *Brooks v. Railroad*, 27 Mo. App. 573; *Jewett v. Railroad*, 50 Mo. App. 547; *Perse v. Railroad*, 51 Mo. App. 171; *Wallace v. Railroad*, 74 Mo. 597; *Young v. Railroad*, 79 Mo. 336; *Lord v. Railroad*, 82 Mo. 139; *Flattes v. Railroad*, 35 Iowa, 191.

*John R. Walker* for respondent.

The court committed no error in giving plaintiff's first instruction. "There was  *   *   *  evidence that cattle were in the habit of frequenting this district of country,  *   *   *  and that the servants of the railroad company knew of such fact." *Lord v. Railroad*, 82 Mo. 139, *loc. cit.* 142. "But it has been held that if common experience has shown that persons or cattle are constantly upon the track, recovery may be had for injuries  *   *   *  through the neglect of the engineer to look after them, even if he did not see them." *Williams v. Railroad*, 96 Mo. 275, *loc. cit.* 281. "It was competent,  *   *   *  for plaintiff to show the simple fact that cattle were in the habit of congregating at that point, provided the evidence went further and showed that this engineer knew of such fact; as the proof would bear upon the question of negligence in running the train at too great a rate of speed." *Milburn v. Railroad*, 21 Mo. App. 426, *loc. cit.* 431; *Hill v. Railroad*, 49 Mo. App. 520, *loc. cit.* 533. On rehearing counsel cited: *Milburn v. Railroad*, *supra*; *Hill v. Railroad*, *supra*; s. c., affirmed by Sup. Ct. 26 S. W. Rep. 580; *Lord v. Railroad*, *supra*; *Williams v. Railroad*, *supra*; *Frick v. Railroad*, 75 Mo. 610; *Kelly v. Railroad*, 75 Mo. 140; *LeMay v. Railroad*, 105 Mo. 370; *Lynch v. Railroad*, 111 Mo. 608; *White v. Railroad*, 34 Mo. App. 77; *Duncan v. Railroad*, 46 Mo. App. 204.

GILL, J.—Plaintiff brought suit and recovered a judgment against the defendant for negligently running a freight train over and killing a cow belonging to her at Clifton Station.   Defendant appealed.

About the station and along the tracks of the railroad there was left open and unfenced a strip of land where grass had grown up and where the cattle and cows of the village were in the habit of feeding.   The train doing the damage was a "through freight" in charge of one Lydick as engineer.   At this time the train was run by the station without stopping and at a rapid rate—perhaps thirty miles an hour.   The evidence tends to prove that for months prior to this collision this engineer had operated a construction train on the road in and about Clifton, passing this point two or more times daily; that he knew the cattle were in the habit of grazing on the tracks and right of way at that point, and he had often been compelled to stop his train and drive the cattle away.   The engineer saw the cow on the track several hundred feet away, but testified that with the rate of speed at which the train was running he could not stop the same in time to avoid the collision.   There seems to have been a sharp curve in the track before getting to the switch grounds, so that the view of the track was, to some extent, obstructed until the train got within five hundred to seven hundred feet of the point of accident.

On this appeal the material matter complained of is the action of the lower court in giving and refusing instructions.   On the part of the defendant the trial court was requested to instruct the jury that the rate of speed at which the train was run was immaterial, since there was no ordinance or law fixing the rate at said station and that no rate of speed under the circumstances would constitute negligence.   The court declined to so instruct, and at the instance of the

plaintiff told the jury that if the cow was run over and killed "at a point on defendant's railroad where cattle were in the habit of congregating on or about the track of defendant, and defendant's servants in charge of said locomotive knew that fact, and they had reason to apprehend and anticipate the presence of cattle on the track at said point; and if you further find that defendant at the time of striking said cow was running its train at a rate of speed which, under the facts and circumstances, was careless, negligent and dangerous, and in consequence thereof struck and killed said cow, then your verdict should be for the plaintiff."

We find no reason to condemn the action of the circuit court. Its instructions correctly declared the law applicable to the facts and circumstances of the case. *Milburn v. Railroad*, 21 Mo. App. 426, 431; *Lord v. Railroad*, 82 Mo. 139, 142; *Frick v. Railroad*, 75 Mo. 595, 610; *Prior v. Railroad*, 69 Mo. 215, 218; *Maher v. Railroad*, 64 Mo. 267, 276; *Railroad v. Engle*, 84 Ill. 397; *Railroad v. Patton*, 31 Miss. 156; Thornton on Railroad Fences and Crossings, secs. 297, 304.

It is true that at Clifton Station where this cow was killed there was no law or ordinance prescribing the speed of railroad trains; and it is true, also, that as a general rule the railroad may regulate the speed of trains over its right of way, regardless of all others except its passengers, so that it is said that no rate of speed is *per se* negligent unless it violates some municipal or other legal regulation; yet we may well declare here, as was in the *Prior case, supra*, that "we are unwilling to say, as we are asked to do in this case, that the rate of speed may not be considered as an element of negligence in connection with other circumstances attending an injury to persons or stock found on the track of a railroad in cities and towns where they are not required to fence. The rule is, that the

company shall regulate its own rate of speed as regards others than passengers and that in so regulating it, there must not only be a careful regard for passengers and trains, but also a proper regard for human life and property in running through towns and cities, even where there are no public crossings."

The case of *Railroad v. Engle, supra,* is in point. It was there held that "where stock is permitted by law to run at large in a town or village through which a railroad runs, and the fact is know to the operators of the road, they will be held to a higher degree of care than where they have the road fenced and have no reason to expect stock will be found on their track. It is the duty of a railroad company, whose road runs through a village, where persons or stock are likely to be on the track, to run their trains, whilst in the village, at such a rate of speed as to have them under control and be able to avoid injury to persons or property, though there is no ordinance of such village on the subject, and if they fail to do so they are guilty of negligence." This was the holding of the Illinois supreme court when dealing with a case quite similar to this.

Plaintiff's cow was not a trespasser on these uninclosed grounds of the defendant. *Hill v. Railroad,* 49 Mo. App. 533. It is there said that "the owner is not bound to keep his domestic animals upon his premises or to fence them in, but they are allowed what is called a "free range," and he does not become a trespasser from the fact that they stray upon the unfenced lands of another proprietor." This, I take it, was said with reference to those localities where the stock law is not in force.

Now the evidence in the case at bar tended to establish such a state of facts as would warrant the jury in finding that defendant's servants recklessly

and carelessly operated the train in question, and that such negligence resulted in killing the plaintiff's cow. The jury was justified in finding that an ordinarily prudent man would not have run the train so rapidly through the station grounds at Clifton as did this engineer when he knew from his own personal observation that cattle were habitually grazing on the tracks and that they were slow to move off, so much so that he, on numerous occasions, had been compelled to stop the construction train he had before operated and drive the cattle away.

After a careful examination of the evidence here we find ample to warrant the submission of the case to the jury, and in our opinion, too, the instructions given were unobjectionable.

The judgment will be affirmed. All concur.