F. M. KIRKPATRICK, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1897.

1. Railroads: KILLING STOCK: STOCK LAW: APPEAL. The laws of this state providing for the restraining of animals is not *in pari materia* with the law requiring railroads to give signals at public crossings; and the former does not repeal the latter; and the signals must be given.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: PROXIMATE CAUSE. Permitting an animal to run at large in violation of the stock law may be negligence but is not the direct and proximate cause of animals being killed on the public crossing of a railroad where the railroad has failed to give the statutory signals.

3. ———: ———: DEMURRER TO EVIDENCE. On the evidence, this case was rightfully submitted to the jury.

4. ———: ———: SIGNALS: INSTRUCTION. An instruction requiring the defendant to commence sounding the whistle eighty rods from a public crossing and continue sounding it until past the crossing, is error, as is also an instruction failing to tell the jury that defendant was only required to give one or the other of the crossing signals.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) The plaintiff violated the law in permitting his cow to run at large, and but for that the cow would not have been killed. Therefore the cow was a trespasser and the court should have given the peremptory instruction to find for defendant. *Campbell v. R. R.*, 59 Mo. App. 156. (2) The evidence did not warrant a finding that the signals had not been given for the crossing where the cow was struck. *Henze v. R. R.*, 71 Mo. 636–638; *Isaacs v. Skrainka*, 95 Mo. 517–523; *Jewett v. R. R.*, 50 Mo. App. 547; *Agan v. Shannon*, 103 Mo. 661; *State ex rel. v. Bank*, 120 Mo. 161. The court, therefore, erred in refusing defendant's instruction number 1. (3) The court erred in giving the instruction prayed by plaintiff. It imposed upon defendant more than the statute does in the matter of giving crossing signals, and it imposed a heavier burden than the law does in the matter of overcoming a *prima facie* case, while it did not correctly advise the jury what was necessary to make a *prima facie* case. *Turner v. R. R.*, 78 Mo. 578–581; *Alexander v. R. R.*, 76 Mo. 494. (4) The court erred in refusing defendant's instructions numbered 3 and 4.

*H. A. Edwards* for respondent.

No brief.

SMITH, P. J.—This is an action which was brought to recover the value of a cow killed upon a public crossing over defendant's railroad in Cooper county. The plaintiff had judgment in the circuit court and defendant appealed.

It was conceded at the trial that the provisions of article 2, chapter 5, Revised Statutes, commonly known as the "stock law," were in force in the county where the injury happened. STATEMENT. It appears from the evidence that plaintiff's cow on the day of the injury escaped from a pasture in which she had been confined and from thence entered upon defendant's railroad at a point where it crosses a traveled public road and where she was struck and injured by a passing train. The defendant contends that the plaintiff's cow was, when injured, running at large in violation of the statute just referred to and that consequently the trial court erred in refusing its peremptory instruction.

The statute, section 2608, requires that a bell shall be placed on each locomotive engine and be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road and be kept ringing until it shall have crossed such road, or a steam whistle shall be attached to such engine and be sounded at least eighty rods from the place where the railroad crosses any such road and be sounded at intervals until it shall have crossed such road. It is also further provided in the same section that the railroad company shall be liable for all damages which any person may sustain at such crossing when such bell shall not be rung or such whistle sounded as therein required.

The common law exempted the proprietor of land from the obligation of fencing it and imposed on the

Kirkpatrick v. M., K. & T. R'y Co.

owner of domestic animals the duty of confining them on his own premises.   *Gorman v. Railway,* 26 Mo. 441.   Section 354 of the stock law already referred to declares it to be unlawful for the owner of any of the species of domestic animals therein mentioned to permit the same to run at large outside of his inclosures.   And section 358 of that law exempts the landowner from fencing against any of the species of domestic animals enumerated in said section 354, *supra.*   It thus appears that the stock law is somewhat analogous to the common law on the subject. The provisions of the former are not *in pari materia* with those already referred to relating to the precautions required of railroad companies in approaching public crossings.   They deal with distinct subjects. The former does not relieve such companies of the duty enjoined by the latter.   There is no repugnancy and no repeal by implication or otherwise of one by the other. Both can stand together.   Nor does the former contemplate the killing of stock wandering upon the land of another, but, on the contrary, it provides for the taking up and impounding such stock, the care to be bestowed upon them while so impounded, etc., how the expense is to be paid, and gives a remedy for the damages done while running at large.   R. S., secs. 354, 355, 356, 357.   Under these statutory provisions there can be no doubt but that railroad companies have the right to restrain stock found running at large, but nowhere do we find any provision exempting them from the duty of giving the signals in approaching public crossings required by section 2608, nor from liability caused by the omission to perform such duty. In a Georgia case—*Railroad v. Hamilton,* 71 Ga. 464— there was an instruction refused to the effect that "if the cow was permitted to run at large by plaintiff and was killed by defendant's cars since the adoption of

*RAILROADS: killing stock: stock law: appeal.*

the stock law, then plaintiff was guilty of negligence and there could be no recovery." In respect to this instruction it was said by the court in the course of the opinion that it "was manifestly wrong in that it assumed that the running at large of the cow, without reference to other facts proved, was of itself such negligence as would defeat a recovery and this though the conduct of the defendant's agents running the engine and train may have been wholly without justification."

Permitting domestic animals to run at large in violation of the stock law is no doubt evidence of negligence when considered only as an abstract question, but the negligence of the plaintiff available to defendant in a suit like this must be contributive—i. e., the direct and proximate cause of the injury of which plaintiff complains. It will not do to say that the act of permitting plaintiff's cow to escape and run at large was negligence directly contributing to the injury merely because if she had been kept in the inclosure she would not have got upon the crossing, for the same kind of logic would prove the plaintiff guilty of negligence by the simple act of owning the cow. In a legal sense it must be the direct and proximate, and not the remote, cause of the injury; or, in other words, it must have been near in the order of causation (Shearman-Redfield, Negl. 37, 38) and must have contributed, to some extent, directly to the injury, and must have been not a mere technical or formal wrong contributing either incidentally or remotely, or not at all to the injury. *Isher v. Railway*, 27 Conn. 303; Redfield, Railway Cases, 485–489.

*contributory negligence: proximate cause.*

Notwithstanding the negligence of plaintiff in permitting his cow to run at large in violation of the stock law, and but for which she would not have got upon the crossing, yet if the negligence of defendant in

omitting to give one or the other of the statutory signals in approaching the crossing where she was struck by defendant's train was the immediate and direct, the mere proximate cause of the injury, the defendant would be liable therefor. *Buck v. Railway*, 46 Mo. App. *loc. cit.* 566, and numerous authorities there cited. *Holland v. Railway*, 16 Mo. App. *loc. cit.* 175. And this was a question of fact to be left to the jury.

The remark quoted by defendant from the opinion in *Campbell v. Railway*, 59 Mo. App. 156, was correct as applicable to a case of that kind. The inference is not to be deduced therefrom that railway companies are relieved from the observance of the precautions required by section 2608, *supra*, in those localities where the stock law is in force.

II. A careful reading and consideration of the ——: ——: demurrer to evidence. evidence has not convinced us that it did not authorize the submission of the case to the jury.

III. The defendant objects that the plaintiff's first instruction which told the jury that it was the duty ——: ——: signals: instruction. of the defendant's employees on its engine to commence sounding the whistle at a point eighty rods from the crossing and *to continue sounding it until the engine had passed the crossing*. The statute already quoted in the first paragraph of this opinion only requires that the whistle shall be sounded eighty rods from the crossing and be sounded *at intervals* until the engine shall have passed the crossing. The requirement of this instruction was manifestly in excess of that of the statute. Nor did it, as no doubt was intended, tell the jury that, if the defendant neglected to give one or the other of the said crossing signals as hereinbefore indicated, and that the plaintiff's cow was struck by defendant's engine on the crossing, the verdict should be for plaintiff, unless

it further believed that such neglect on the part of defendant was not the proximate cause of the defendant's engine striking the cow, in which case there could be no recovery.

The defendant's third and fourth instructions fairly expressed the law applicable to the case, and should have been given and the plaintiff's first should have been refused.

It results that for the error in giving and refusing of said instructions the judgment will be reversed and the cause remanded. All concur.